UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEFFREY HERSON, et al.,

    Plaintiffs,

    v.

CITY OF RICHMOND,

    Defendant.

_____/

No. C 09-2516 PJH

**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION**

Plaintiffs' motion for preliminary injunction came on for hearing on August 5, 2009 before this court. Plaintiffs, Jeffrey Herson and East Bay Outdoor, Inc. (collectively "plaintiffs") appeared through their counsel, Michael Von Loewenfeldt and Kelly A. Corcoran. Defendant City of Richmond ("the City" or "defendant") appeared through its counsel, Matthew D. Zinn. Having read all the papers submitted and carefully considered the relevant legal authority, the court hereby DENIES the motion for preliminary injunction, as stated at the hearing, and summarized as follows.

    1.    Plaintiffs' action, which challenges the constitutionality of certain provisions of Chapters 4.04, 15.04, and 15.06 of the City's municipal code (the "Sign Ordinance"), is moot in view of the City's July 7, 2009 adoption of Ordinance No. 19-09 N.S. (the "New Sign Ordinance"). A claim is considered moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome. The basic question is "whether there exists a present controversy as to which effective relief can be granted." Vill. of Gambell v. Babbitt, 999 F.2d 403, 406 (9th Cir.1993) (internal quotation marks and citations omitted). A case should not normally be considered moot if the defendant voluntarily ceases the allegedly improper behavior in response to a suit, but is free to return

to it at any time." Native Vill. of Noatak v. Blatchford, 38 F.3d 1505, 1510 (9th Cir.1994). However, "[a] statutory change... is usually enough to render a case moot, even if the legislature possesses the power to reenact the statute after the lawsuit is dismissed." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 901 (9th Cir. 2007); United States v. Alaska S.S. Co., 253 U.S. 113, 116 (1920)("Where by ... a subsequent law, the existing controversy has come to an end, the case becomes moot and should be treated accordingly."). Here, the New Sign Ordinance expressly repeals Chapter 15.06 of the municipal code, and under its terms, the city counsel reserves 120 days in which to "fully address the constitutional questions raised about the [old] Sign Ordinance" and issue a new permanent replacement ordinance. Thus, the New Sign Ordinance – which temporarily and effectively terminates those portions of the Sign Ordinance with which plaintiffs' complaint takes issue – constitutes a "statutory change" sufficient to render plaintiffs' action moot.

2.  To the extent that plaintiffs challenge this conclusion on grounds that the New Sign Ordinance expressly repeals only Chapter 15.06 of the old Sign Ordinance and does not moot plaintiffs' still existing claims under Chapters 15.04 or 4.04 of the municipal code (which deal with the Conditional Use Permit process), the court rejects this argument. Under the old Sign Ordinance, Chapter 15.06 is defined as being "part of" Chapter 15.04, and Chapter 15.06 furthermore states that its regulations are in addition to the sign code "as set forth in Chapter 4.04" of the municipal code. The New Sign Ordinance codified as Chapter 15.06, however, differs from the old one in that it contains no reference to any other Chapters of the municipal code, including Chapters 4.04 or 15.04. Thus, it is unclear whether the New Sign Ordinance even applies to Chapters 4.04 or 15.04 of the municipal code, or whether plaintiffs' challenges to those provisions are still viable.

3.  In view of this uncertainty, the proper course of action, if plaintiffs believe there is still an actionable claim under existing municipal code provisions, is for plaintiffs to amend their complaint to reflect the new realities of the situation. See, e.g., Church of

Scientology Flag Service Org., Inc. v. City of Clearwater, 777 F.2d 598, 605-06 (11th Cir. 1985)(Reversing district court decision rejecting mootness arguments and adjudicating repealed ordinance)("The proper course of action would have been to allow the plaintiffs to amend their complaints and proceed to litigate the ordinance then in effect").

      4.     To that end, plaintiff's action is DISMISSED on mootness grounds. Plaintiffs are granted until **September 18, 2009**, however, to file an amended complaint challenging those provisions of the old Sign Ordinance that plaintiffs believe are still viable, or else challenging those provisions of the New Sign Ordinance that plaintiffs believe continue to be infirm.

**IT IS SO ORDERED.**

Dated: August 17, 2009

_____
PHYLLIS J. HAMILTON
United States District Judge