| | |
|---|---|
| 1 | JAMES M. WAGSTAFFE (95535) |
|   | wagstaffe@kerrwagstaffe.com |
| 2 | MICHAEL VON LOEWENFELDT (178665) |
|   | mvl@kerrwagstaffe.com |
| 3 | MICHAEL NG (237915) |
|   | ng@kerrwagstaffe.com |
| 4 | KELLY A. CORCORAN (260268) |
|   | corcoran@kerrwagstaffe.com |
| 5 | **KERR & WAGSTAFFE LLP** |
|   | 100 Spear Street, Suite 1800 |
| 6 | San Francisco, CA 94105–1528 |
|   | Telephone: (415) 371-8500 |
| 7 | Fax: (415) 371-0500 |

Attorneys for Plaintiffs
JEFFREY HERSON AND EAST BAY OUTDOOR, INC.

| | |
|---|---|
| RANDY RIDDLE (121788) | ANDREW W. SCHWARTZ (87699) |
| CITY ATTORNEY | MATTHEW D. ZINN (214587) |
| KEVIN SCOTT DICKEY (184251) | WINTER KING (237958) |
| CHIEF DEPUTY CITY ATTORNEY | SHUTE, MIHALY & WEINBERGER LLP |
| CITY OF RICHMOND | 396 Hayes Street |
| 450 Civic Center Plaza | San Francisco, CA 94102 |
| Richmond, CA 94804-1630 | Telephone: (415) 552-7272 |
| Telephone: (510) 620-6509 | Facsimile: (415) 552-5816 |
| Facsimile: (510) 620-6518 | Schwartz@smwlaw.com |
| randy_riddle@ci.richmond.ca.us | Zinn@smwlaw.com |
| | King@smwlaw.com |

Attorneys for Defendant
CITY OF RICHMOND

### UNITED STATES DISTRICT COURT

### FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY HERSON, an individual; EAST BAY OUTDOOR, INC., a California corporation, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF RICHMOND, a charter city, <br><br>    Defendant. | Case No. 3:09-cv-02516-PJH <br><br> **STIPULATION REQUESTING CLARIFICATION/ RECONSIDERATION OF PARAGRAPH 4 OF AUGUST 17, 2009 ORDER** <br><br> Honorable Phyllis J. Hamilton |

1    On August 5, 2009, the Court denied the plaintiffs' motion for preliminary injunction. 
2 This stipulation is not intended to affect that denial, and does not constitute a waiver or alteration 
3 by either side of their position on that motion. On August 17, 2009, the Court issued a further 
4 order reiterating its denial of the motion for preliminary injunction and dismissing Plaintiffs' 
5 claims in their entirety. This stipulation is not directed at the Court's rulings on Plaintiffs' 
6 prospective relief claims in either the August 5 or August 17 orders.

7    At the hearing on the motion for preliminary injunction, the parties both noted that the 
8 repeal of the challenged ordinance and the enactment of the temporary moratorium ordinance 
9 does not moot the plaintiffs' damage claims as originally pleaded in the case. See <u>Outdoor 
10 Media Group v. City of Beaumont</u>, 506 F.3d 895, 902-03 (9th Cir. 2007). Only the claims for 
11 prospective relief are affected by the statutory change.

12    Moreover, at the hearing on the motion for preliminary injunction, the Court appeared to 
13 agree with the parties that plaintiffs could wait until after the enactment of the forthcoming sign 
14 ordinance intended to replace the moratorium ordinance before filing a <u>supplemental</u> complaint. 
15 The Court stated that the parties could meet and confer on an appropriate schedule.

16    The parties have reviewed the Court's August 17, 2009 Order and respectfully submit 
17 that it contains two rulings inconsistent with the above.

18    First, the Court appears to have *sua sponte* dismissed the entire case as moot. Such relief 
19 was not sought by defendants, who concede that under current Ninth Circuit law the damage 
20 claims are not moot. The damage claims should not have been dismissed based on the repeal of 
21 the challenged ordinance and the enactment of the temporary moratorium ordinance.

22    Second, the Court set a date to file an amended complaint by September 18, 2009. The 
23 City will not have enacted its new Sign Ordinance by that time.

24 ///
25 ///
26 ///
27 ///
28 ///

1

Case No. 3:09-cv-02516-PJH                                    STIPULATION RE CLARIFICATION/RECONSIDERATION

1    Accordingly, the parties respectfully request the following relief:

2    1.   That the Court's August 17, 2009 order be revised *nunc pro tunc* so that

3 plaintiffs' claims for damages are not found to be moot and are not dismissed.

4    2.   That the Court allow the plaintiffs until 30 days after the City enacts a

5 replacement Sign Ordinance to supplement and amend their complaint.

6 DATED: August 19, 2009                **KERR & WAGSTAFFE LLP**

8                                         By _____/s/_____
                                             Michael von Loewenfeldt

10                                        Attorneys for Plaintiffs
                                          JEFFREY HERSON AND EAST BAY
                                          OUTDOOR, INC.

13 DATED: August 19, 2009                **SHUTE, MIHALY & WEINBERGER, LLP**

15                                        By ____/s/_____
                                             Matthew D. Zinn

17                                        Attorneys for Defendant,
                                          CITY OF RICHMOND

2

# [~~PROPOSED~~] **ORDER**

Pursuant to stipulation, and good cause appearing, IT IS HEREBY ORDERED THAT:

1. The Court's August 17, 2009 order is revised *nunc pro tunc* so that plaintiffs' claims for damages are not found to be moot and are not dismissed.

2. Plaintiffs shall have until 30 days after the City enacts a replacement Sign Ordinance to supplement and amend their complaint.

IT IS SO ORDERED.

DATED: __9/10/09_____         _____



IT IS SO ORDERED
Judge Phyllis J. Hamilton

1  I, Michael von Loewenfeldt, am the ECF User whose ID and password are being used to
2 file this Stipulation and Proposed Order re Clarification/Reconsideration of Paragraph 4 of the
3 August 17, 2009 Order.  In compliance with General Order 45, X.B., I hereby attest that
4 Matthew D. Zinn of Shute, Mihaly & Weinberger, LLP, Attorneys for the City of Richmond, has
5 concurred in this filing.

7 DATED: August 19, 2009

**KERR & WAGSTAFFE LLP**

By  ____s/_____
      Michael von Loewenfeldt

Attorneys for Plaintiffs
JEFFREY HERSON AND EAST BAY
OUTDOOR, INC.