UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEFFREY HERSON, et al.,

    Plaintiffs,

    v.

CITY OF RICHMOND,

    Defendant.

_____/

No. C 09-2516 PJH

**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS IN PART AND DENYING MOTION IN PART**

    Defendant's motion for judgment on the pleadings came on for hearing on May 5, 2010 before this court. Plaintiffs, Jeffrey Herson and East Bay Outdoor, Inc. (collectively "plaintiffs") appeared through their counsel, Alan Herson. Defendant City of Richmond ("the City" or "defendant") appeared through its counsel, Matthew D. Zinn and Winter King. Having read all the papers submitted and carefully considered the relevant legal authority, the court hereby GRANTS the motion in part and DENIES it in part, as stated at the hearing, and summarized as follows.

    1.    As a preliminary matter, plaintiffs' amended complaint lacks clarity or cohesion, and is in large part incomprehensible. Specifically, the amended complaint fails to clearly allege or identify: the express provisions of the "old sign ordinance" plaintiffs challenge and the precise legal basis underlying any challenge to each provision (despite no less than thirteen casual references to separate purported provisions of the old sign ordinance); the express provisions of the "new sign ordinance" plaintiffs challenge and the precise legal basis underlying any challenge to each provision; and whether it is the old sign ordinance or the new sign ordinance (or both), and the underlying specific provisions of each, that form(s) the basis for each of plaintiffs' two asserted causes of action,

See, e.g., FAC, ¶¶ 7-8, 10, 12, 17-18, 25-29.

2.       Notwithstanding the amended complaint's lack of clarity, however, and to the extent that defendant has correctly interpreted the complaint to challenge the City's new sign ordinance (adopted in September 2009 and codified at Chapter 15.06 of the municipal code), the court GRANTS defendant's motion on two limited grounds.  First, the court agrees with defendant as a preliminary matter that plaintiff's complaint must be read to exclude any challenge premised on either the conditional use permit ("CUP") provisions set forth in section 15.04.910 of the municipal code, or the variance provision set forth in section 15.04.920 of the code, in addition to newly enacted Chapter 15.06.  See, e.g., Opp. Br. At 6:24-9:10.  As defendant notes, these provisions form a part of the City's Zoning Ordinance, do not seek to regulate the process by which permission for sign placements is granted, and are not relevant to the newly enacted sign ordinance as such.  See Def. Supp. Request for Judicial Notice ("Supp. RFN"), Ex. D at § 15.04.910.010(A-B); id. at §§ 15.04.920.010(A-B), 15.04.920.020.

Second, to the extent defendant correctly interprets the amended complaint to state a challenge to that portion of the City's new sign ordinance establishing a variance procedure – i.e., section 15.06.150 – the court additionally agrees with defendant that the terms of the variance provisions are content-neutral, and constitutional.  See FAC, Ex. 7 at 21-22 (setting forth three mandatory requirements for issuance of variance under new sign ordinance).  The three variance requirements at issue are similar to the variance procedure deemed constitutional in Desert Outdoor Adver. v. City of Oakland, 506 F.3d 798 (9th Cir. 2007), with the exception of that portion which requires that any sign resulting from the variance "will not affect the surrounding neighborhood or other property affected by the request in a manner materially inconsistent with the purpose and objectives of the [sign ordinance]."  See FAC, Ex. 7 at 21-22.  And although plaintiffs contend this requirement is similar to the "abstract appeal to 'health, welfare or aesthetic quality'" held unconstitutional in Desert Outdoor Adver. v. City of Moreno Valley, 103 F.3d 814, (9th Cir. 1996), it actually

2

resembles more closely the ordinance that was ultimately upheld in G.K. Ltd. Travel v. City of Lake Oswego, 436 F.3d 1064 (9th Cir. 2006)(which required "compatib[ility] with the surrounding environment").  This is because the new sign ordinance's variance provision here expressly conditions the requirement that any sign resulting from the variance not affect the surrounding neighborhood with the phrase "*in a manner materially inconsistent with the purpose and objectives of the [new sign ordinance]*" – a factor that the Ninth Circuit found critical in G.K. Ltd. Travel.  See FAC, Ex. 7 at 21.  Furthermore, looking to the purposes and objectives of the new sign ordinance here, it expressly states that its purpose is to avoid signs that are "incompatible in design" and "detract from the aesthetics of" the commercial and industrial centers of the City.  Section 15.06.080 of the new sign ordinance additionally expressly sets forth the design standards for signs and states: "compatibility shall be determined by the relationships of the elements of form, proportion, scale, color, materials, surface treatment, overall sign size and the size and style of lettering."  See FAC, Ex. 7 at 9.  The foregoing, combined with the clear time limitations set forth in the new sign ordinance at § 15.06.050, see FAC, Ex. 7 at 7-8, suffice to establish the constitutionality of the variance procedures, pursuant to applicable Ninth Circuit precedent.

To the extent, however, that defendant correctly interprets the amended complaint to state a challenge to the exemption provision of the new sign ordinance, defendant's motion is DENIED.  See FAC, Ex. 7 at 9.  It is unclear, based on the argument before the court, whether the language of the exemption should be classified as content neutral, or content based, in the first instance.  Defendant, for its part, has duly relied on Ninth Circuit precedent suggesting that at least some of the wording contained in the exemption's language is content neutral.  See G.K. Ltd. Travel, 436 F.3d at 1076-78 (exemptions for "public signs, signs for hospital or emergency services, legal notices, railroad signs and danger signs" permissible); Reed v. Town of Gilbert, 587 F.3d 966, 977-78 (9th Cir. 2009)(exemptions for "directional signs" relating to certain qualifying events defined as "any assembly, gathering, activity, or meeting sponsored, arranged or promoted by a religious,

charitable, community service, educational or other similar non-profit organization"). Thus, to the extent the exemption at issue contains language expressly applying to "official public notices," any "notice posted by public officers in performance of their duties," and "governmental" signs "for control of traffic," and furthermore clearly delineates "street signs, danger signs, railroad crossing signs," these requirements appear to be content neutral.

However, the Ninth Circuit has also found content-based the following: exemptions for "temporary 'open house' real estate signs" and for "[s]afety, traffic, or other public informational signals, signs, banners or notices erected or maintained by a public officer or employee in performance of a public duty or by a contractor, utility company or other persons responsible for public safety, peace and welfare." See Foti v. City of Menlo Park, 146 F.3d 629, 636 (9th Cir. 1998); see also City of Moreno Valley, 103 F.3d at 820 (applying content-based test to exemptions for official notices, directional, warning, or information structures, public utility signs, and structures erected near a city or county boundary which contain the name of the city, county, or civic, fraternal, or religious organizations located therein); Nat'l Adver. Co. v. City of Orange, 861 F.2d 246, 248 (9th Cir. 1988)(applying content-based test to exemptions for memorial tablets or plaques, real estate and construction signs, open house signs, and traffic and safety signs). Thus, to the extent the exemption's language also applies to "other signs" and to "other regulatory purposes," or furthermore applies to "signs of public service companies indicating danger or aids to service or safety," the language may very well be content-based.

Even if the court were to construe the language of the exemption as content based, the exemptions may pass constitutional muster only if they are the least restrictive means to further a compelling interest. See Foti, 146 F.3d at 637; Sable Commcn's of Cal., Inc. v. F.C.C., 492 U.S. 115, 126 (1989). As to a finding on this issue, however, the present action is not ripe for such a finding at this juncture, since the court requires an evidentiary record from which to properly assess the inquiry. All of which compels the court at this time, and on the record presented, to DENY defendant's motion for judgment on the

4

1  pleadings on this limited ground.

2      3.     As plaintiffs' counsel conceded at the hearing, the amended complaint continues to challenge the constitutionality of the old sign ordinance previously in place, and continues to do so based on damages suffered as a result of submitted permit applications that were previously denied by the City on grounds that the applications failed to comply with the City's old sign ordinance.  This, however, is the extent of the court's understanding with respect to plaintiffs' allegations regarding the old sign ordinance, in view of the inherent limitations in plaintiffs' amended complaint (as described above).  While defendant has articulated arguments in favor of its motion on standing and other principles, the court is not convinced that defendant's arguments are based on an accurate reading of plaintiffs' amended complaint, or by extension, entirely necessary.

     Accordingly, and because the court requires a clearer understanding of plaintiffs' damages claims premised on the old sign ordinance prior to ruling on the viability of such claims, the court declines to rule upon the merits of any challenge to the old sign ordinance at this time.  As such, defendant's motion for judgment on the pleadings with respect to the old sign ordinance, is DENIED.

     4.     Having so ruled, plaintiffs are further instructed, as stated at the hearing, to submit a further amended complaint that cures the deficiencies noted at the outset of this order.  Specifically, plaintiffs are to amend their complaint in order to:  allege or identify with particularity the express provisions of the "old sign ordinance" plaintiffs challenge and the legal basis therefor; allege or identify with particularity the express provisions of the "new sign ordinance" plaintiffs challenge and the legal basis therefor; and allege with particularity each cause of action upon which plaintiffs seek relief, the governing statute or law upon which each cause of action is based, and the express provisions of the old or new sign ordinance upon which each cause of action is premised.  Plaintiffs do not have leave to enlarge upon the scope of the present complaint (as clarified herein), but are to simply re-allege their claims in the manner just identified.  The amended complaint must also comply

5

with the two limited rulings set forth herein against plaintiff regarding the CUP and variance procedures set forth in the Zoning Ordinance.

Plaintiffs' amended complaint is due no later than June 4, 2010. Defendant may either file an answer in response thereto, or alternatively, defendant may re-file a motion challenging plaintiffs' complaint, if defendant wishes to do so. Defendant's response shall be due within 20 days of the filing of plaintiffs' amended complaint.

**IT IS SO ORDERED**.

Dated: May 11, 2010

_____
PHYLLIS J. HAMILTON
United States District Judge