UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEFFREY HERSON, et al.,

    Plaintiffs,

    v.

CITY OF RICHMOND,

    Defendant.
_____/

No. C 09-2516 PJH

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**

    Defendant's motion to dismiss plaintiff's second amended complaint came on for hearing on July 28, 2010 before this court. Plaintiffs, Jeffrey Herson and East Bay Outdoor, Inc. (collectively "plaintiffs") appeared through their counsel, Jean-Paul Jassy. Defendant City of Richmond ("the City" or "defendant") appeared through its counsel, Matthew D. Zinn and Winter King. Having read all the papers submitted and carefully considered the relevant legal authority, the court hereby GRANTS the motion in part and DENIES it in part, as stated at the hearing, and summarized as follows.

    1.    Defendant's motion to dismiss claims related to the old sign ordinance – which target section 15.06.080(C) of the old ordinance, as set forth in claims 1-5 and 8-10 – is GRANTED and DENIED in part, on the following grounds:

        (a)    Plaintiffs' claims for injunctive relief based on the now-repealed old ordinance, as set forth in claims 1, 3, 4 and 10, fail as a matter of law. Plaintiffs seek an injunction preventing the City from applying the old ordinance as a basis to remove existing sign 5; and further seek an order prohibiting the City from requiring any further permit procedures as to the remaining 12 signs for which permit applications were improperly denied under the old ordinance. Aside from the fact, as defendant correctly notes, that the

1  clear import of the court's original preliminary injunction order and the parties' subsequent
2  stipulation clarifying that order was to dismiss plaintiffs' injunctive relief requests based on
3  the old ordinance, plaintiffs have advanced no legal authority for what is a novel theory
4  permitting injunctive relief as a remedy for a past wrong.  Thus, defendant's motion to
5  dismiss claims 1, 3, 4, and 10 is GRANTED, with prejudice, on this basis.

6              (b)   To the extent defendant seeks dismissal of claims 2, 5, 8 and 9, on
7  grounds that plaintiffs lack standing to assert a damages claim under the old ordinance, the
8  motion is DENIED.  Defendant argues that plaintiffs' permit applications were so incomplete
9  that they provided an independent and valid reason for the denial of plaintiffs' application .
10 However, the denied permit applications that plaintiffs submit as exhibits to their complaint
11 indicate that the denial of plaintiffs' permit applications was based solely on the failure to
12 comply with the old sign ordinance, not on any failure to submit a complete application.
13 See SAC, Ex. 6 (each permit application expressly states on top: "not allowed per section
14 15.06.080(c) of the Richmond Sign Ordinance").  See id.  Thus, the court finds that an
15 evidentiary record is needed to establish the veracity of defendant's position, and plaintiffs'
16 allegations are sufficient at the pleading stage to go forward.

17     Moreover, the court is also unpersuaded by defendant's secondary argument that
18 plaintiffs improperly seek damages that are derivative of third parties' constitutional rights.
19 Plaintiffs have alleged in the SAC that they wish to display signs that contain not just third
20 parties' speech, but also plaintiffs' own speech.  See SAC, ¶ 9.  Whether plaintiffs can
21 demonstrate lost profits as damages, based on the purported profits they would have
22 received by leasing to other third parties, remains to be seen.  Nonetheless, this is a
23 damages issue, rather than a standing issue.

24             (c)   Defendant's challenges to plaintiffs' ability to adequately allege an
25 equal protection challenge premised on the old ordinance – as set forth in claims 4 and 5 –
26 is well founded.  Plaintiffs fail to identify the precise right they claim was denied, or how
27 they were a protected class, or what the nature of the equal protection violation was.  This
28

2

1  is plainly insufficient to state a claim for an equal protection violation under the standards
2  enunciated in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  See also Ashcroft
3  v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1950 (2009).  Thus, the court GRANTS defendant's
4  motion to dismiss plaintiffs' equal protection claims.  Leave to amend is granted as to claim
5  5, however, so that plaintiffs may attempt to cure the foregoing deficiencies.  Leave to
6  amend does not extend to claim 4, since this claim is being dismissed with prejudice for
7  failure to properly state a claim for injunctive relief.

        (d)     Defendant's motion to dismiss remaining claims 2, 3, 9 and 10 on grounds that plaintiffs cannot state an as-applied challenge to the Old Ordinance, is DENIED, since plaintiffs have clearly alleged with respect to both claims 2 and 9 that they are asserting a claim that defendant "facially violated" the federal and state constitutions via the old ordinance's provision.  Dismissal ultimately remains appropriate with respect to claims 3 and 10, however, since these claims are independently being dismissed for plaintiffs' failure to properly state a claim for injunctive relief.

        (e)     Defendant correctly argues that claim 8 – which takes issue with the time limitations for ruling on permit applications, as set forth in the old ordinance – must be dismissed, because plaintiffs' own permit applications were denied the same day they were submitted.  SAC, ¶ 17.  Plaintiff cannot leverage a separate injury that occurred via denial of its permit applications pursuant to section 15.06.080C of the old ordinance, to state an injury under the broader provisions of the old ordinance governing time limitations.  See Get Outdoors II, LLC v. City of San Diego, 506 F.3d 886, 892 (9th Cir. 2007)(a plaintiff has standing "to challenge only those provisions that applied to it")(plaintiff "cannot leverage its injuries under certain, specific provisions to state an injury under the sign ordinance generally").  Thus, defendant's motion is GRANTED on this ground.

    2.     To the extent that defendant continues to state a challenge to the exemption provision of the new sign ordinance, defendant's motion is DENIED.  It remains unclear whether, as a matter of law, the language of the exemption should be classified as content

neutral, or content based. And in the event the language of the exemption is ultimately determined to be content based, the exemption may pass constitutional muster only if it is the least restrictive means to further a compelling interest. See Foti, 146 F.3d at 637; Sable Commcn's of Cal., Inc. v. F.C.C., 492 U.S. 115, 126 (1989). Such a finding requires an evidentiary record from which to properly assess the inquiry.

Plaintiffs may file a third amended complaint no later than August 31, 2010. Any amendments, however, must be limited solely to claim 5, as expressly allowed herein.

**IT IS SO ORDERED.**

Dated: August 2, 2010

_____
PHYLLIS J. HAMILTON
United States District Judge