UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEFFREY HERSON, et al.,

    Plaintiffs,

    v.

CITY OF RICHMOND,

    Defendant.
_____/

No. C 09-2516 PJH

**ORDER GRANTING SUMMARY JUDGMENT IN PART AND DENYING SUMMARY JUDGMENT IN PART**

Defendant's motion for summary judgment came on for hearing on April 6, 2011 before this court. Plaintiffs, Jeffrey Herson and East Bay Outdoor, Inc. (collectively "plaintiffs") appeared through their counsel, Karl Olson and Michael Ram. Defendant City of Richmond ("the City" or "defendant") appeared through its counsel, Matthew D. Zinn, Winter King, and Jaclyn Prang. Having read all the papers submitted and carefully considered the relevant legal authority, the court hereby GRANTS the motion in part and DENIES it in part, for the reasons stated at the hearing, and as follows.

**BACKGROUND**

Plaintiffs seek injunctive, declaratory, and monetary relief against the City, based on the City's codified sign ordinance. Plaintiffs seek relief pursuant to both an old version of the sign ordinance, and a new version of the ordinance that was passed in September 2009 and which replaced the old ordinance.

A.    Background Allegations

Plaintiffs are in the business of operating signs displaying non-commercial and commercial speech. See Third Amended Complaint ("TAC"), ¶ 9. They lease parcels of land within the boundaries of Richmond, and erect signs thereon. Plaintiffs allege that they

intend to earn income by displaying speech on a portion of the signs they erect, which speech is paid for by others. See id. On the remaining portion of the signs, plaintiffs wish to display their own speech "designed to influence the action of others and/or speech stating plaintiffs' viewpoints on important issues" – for which plaintiffs will receive no compensation from others. Id.

Prior to filing their original complaint, and under the old sign ordinance in effect at the time ("Old Ordinance"), plaintiffs received permission from leaseholders or owners of eight parcels located within the city limits, to display 13 signs. TAC, ¶ 10. On Parcel 1, plaintiffs seek to display signs 1, 2, 3, and 4. Id., ¶ 11. Parcel 2 is already displaying sign 5, which was permitted under the Old Ordinance, and plaintiffs seek to display sign 6 on Parcel 2. Id., ¶ 12. Parcel 3 will display sign 7. TAC, ¶ 13. Parcel 4 will display signs 8 and 9. Id., ¶ 14. Parcel 5 will display sign 10. Id., ¶ 15. Parcel 6 will display sign 11, and Parcel 7 will display sign 12. TAC, ¶ 16. Finally, Parcel 8 will display sign 13. Id.

On June 26, 2009, plaintiffs submitted applications for permits to display the signs on the eight different parcels just referenced. TAC, ¶ 17. The City denied plaintiffs' applications, citing section 15.06.080C(1) of Richmond's Old Ordinance, which contained numerous restrictions on signs within a 660 foot restricted area in Richmond. Id., ¶¶ 17-18.

Plaintiffs generally allege that, with the exception of sign 5 (which is already permitted and displayed), they still desire to display each of the remaining 12 signs, but that in order to do so, plaintiffs are required to first apply for and obtain a building permit for each structure that will house the desired signs, as well as a sign permit. Id., ¶ 19.

B.  Procedural/Legislative History

Plaintiffs filed their original complaint in June 2009, and thereafter moved for a preliminary injunction, which motion was heard on August 5, 2009. Plaintiffs specifically sought an order enjoining Richmond from: requiring that plaintiffs comply with the design review, permitting, variance, or conditional use procedures codified by the City before displaying a sign in Richmond; requiring that plaintiffs obtain a permit from Richmond

before displaying a sign in Richmond; and instituting abatement or other removal procedures against plaintiffs' structures and signs. Plaintiffs' original complaint, and the ensuing preliminary injunction request, was premised on a challenge to certain provisions of Chapters 4.04, 15.04, and 15.06 of the City's municipal code (collectively referred to as the "old sign ordinance" in the court's preliminary injunction order; Chapter 15.06 of which is referred to as the "Old Ordinance" in connection with the instant motion).

On August 17, 2009, the court denied plaintiffs' motion. The court held that plaintiffs' action had been rendered moot by virtue of the City's recent July 7, 2009 adoption of Ordinance No. 19-09 N.S. (referred to as the "new sign ordinance" in the court's preliminary injunction order) – which law temporarily repealed the old sign ordinance codified at Chapter 15.06 and issued a temporary 120 day moratorium on the permitting of signs, pending the City's adoption of a permanent new sign ordinance. See Order Denying Motion for Preliminary Injunction ("PI Order"). Plaintiffs had argued, in support of their request for preliminary injunctive relief, that the new sign ordinance did not constitute a complete repeal of the old sign ordinance, since the new sign ordinance expressly repealed only Chapter 15.06 of the municipal code (and plaintiffs were challenging chapters 15.04 and 4.04 of the code, too). Id. at ¶ 2. However, the court denied this argument, noting that the new sign ordinance contained no reference to Chapters 15.04 or 4.04 of the municipal code, whereas the old sign ordinance had expressly referenced those chapters. Id. Thus, it was unclear that the new sign ordinance even applied to chapters 4.04 or 15.04 of the municipal code.

The court allowed plaintiffs to amend their complaint to reflect "the new realities of the situation" however, and to challenge either or both (a) those provisions of the old sign ordinance that plaintiffs believed were still viable, or (b) provisions of any new sign ordinance that plaintiffs believed to still be infirm. See id. at 3.

Subsequently, the parties further clarified the court's order by stipulation, to note that, while the plaintiffs' original complaint had been dismissed as moot with respect to

3

plaintiffs' prospective relief claims, plaintiffs' damages claims based on violation of the Old Ordinance remained intact.  See Stipulation Requesting Clarification, Docket No. 32.

Meanwhile, the City released to the public a draft of its proposed permanent new sign ordinance on August 11, 2009.  See TAC, Ex. 7 (copy of new sign ordinance).  On August 13, the City held a public workshop to discuss the new ordinance, and it modified the draft ordinance in response to public comments.  See id., Ex. 7 at 2.  The City adopted the new ordinance on September 22, 2009.  Id. (referred to as the "New Ordinance" herein).  The New Ordinance is codified at Chapter 15.06 of the municipal code (and replaced the older version of chapter 15.06).  The New Ordinance contains certain exemptions from permitting for regulatory and warning signs.

After the City had adopted the New Ordinance, plaintiffs amended their complaint on November 2, 2009, to include a challenge to the new sign ordinance codified at Chapter 15.06.  Plaintiffs also continued to challenge certain provisions of the Old Ordinance.

Defendant moved for judgment on the pleadings on March 30, 2010, which the court granted in part and denied in part on May 11, 2010.  The court preliminarily noted, in its order, that plaintiffs' amended complaint lacked clarity or cohesion, and was in many parts incomprehensible.  While defendant had gone to great lengths to infer the provisions of the old and new ordinance that plaintiffs continued to challenge, the court noted that the amended complaint in fact failed to identify or allege the particular provisions of the old and new ordinances that plaintiffs were challenging, or the precise legal basis underlying each challenge.  The court then went on to hold that, with respect to any challenge to the New Ordinance stated in the complaint, defendant's motion for judgment on the pleadings was granted on two limited grounds: (1) to the extent plaintiffs' challenge was premised on the CUP provisions or the variance provisions of 15.04.910-920 of the code, these provisions were irrelevant and not actionable; and (2) to the extent plaintiffs challenged the variance provisions of the New Ordinance – section 15.06.150 – this provision is content-neutral and constitutional.  The court denied defendant's motion to the extent plaintiffs were alleging a

challenge to the exemption provision of the New Ordinance. The court stated that it was unclear whether the language of the exemption should be classified as content neutral or content based, given conflicting Ninth Circuit precedent, and that to the extent the constitutionality of a content-based exemption required a compelling interest finding, such a finding required an evidentiary record.

With respect to plaintiffs' challenge to the Old Ordinance, the court stated that it was at best only able to discern from the complaint that plaintiffs continued to allege a constitutional challenge to the Old Ordinance, based on damages suffered as a result of the permit applications previously denied by the City under the Old Ordinance. Because the details of such a claim were so unclear, however, the court declined to rule on the merits of any challenge to the Old Ordinance. The court then instructed plaintiffs to file a second amended complaint no later than June 4, 2010. Plaintiffs were further instructed not to enlarge upon the claims presented in the first amended complaint, absent a stipulation or leave of court.

Plaintiffs duly filed their second amended complaint ("SAC") in May 2010. The SAC alleged twelve claims[1] against defendant, challenging (a) the Old Ordinance pursuant to 42 U.S.C. § 1983, on First Amendment and Equal Protection grounds; (b) the New Ordinance pursuant to 42 U.S.C. § 1983 on First Amendment grounds; and (c) the Old and New Ordinance, pursuant to the California Constitution. Plaintiffs sought injunctive relief and damages for all violations under the Old and New Ordinances. See generally SAC. Thus, claims 1-5 and 8-10 deal with challenges to the Old Ordinance.

After the court's order and the filing of the SAC, the City again issued yet another amendment to the New Ordinance. Specifically, on June 1, 2010, the Richmond City Council voted to approve a minor amendment to section 15.06.070(A) of the New

---

[1] This pleading is notably different from the first amended complaint, which asserted two causes of action against the City: (1) for violation of the First and Fifth Amendments, pursuant to 42 U.S.C. § 1983; and (2) for violation of the California Constitution. See FAC, ¶¶ 31-39.

Ordinance, to clarify which signs the City intended to exempt from the New Ordinance's provisions (the amendment became effective on June 15, 2010). Thus, under this subsection, the requirements of the New Ordinance do not apply to: (i) official notices posted by public officers in performance of their duties; or (ii) traffic control and danger signs erected by a governmental entity. City's Request for Judicial Notice ("RJN"), Ex. D at 6, 8.

Defendant again challenged the pleadings, and in July 2010, moved to dismiss all claims challenging the Old and New Ordinances in the SAC. On August 2, 2010, the court granted the motion in part and denied it in part.

With respect to the motion to dismiss claims related to the Old Ordinance, the court granted the motion in part and denied it in part, holding: (a) plaintiffs' claims for injunctive relief under the Old Ordinance failed, since there could be no injunctive relief as a remedy for a past wrong; (b) plaintiffs had sufficiently alleged standing for purposes of asserting a damages claim under the Old Ordinance; (c) plaintiffs had failed to adequately allege an equal protection claim premised on the Old Ordinance, since they failed to identify what specific right was denied, how plaintiffs were a protected class, or what the nature of any equal protection violation was; (d) defendant's argument that plaintiffs had failed to state an as-applied challenge to the Old Ordinance was without merit, since plaintiffs had properly alleged that defendant "facially violated" the Old Ordinance; and (e) plaintiffs' claim that the Old Ordinance's time limitations for ruling on permit applications were unlawful warranted dismissal, since plaintiffs' own permit applications were denied the same day they were submitted.

With respect to the New Ordinance, the court denied defendant's continued challenge to the exemption provisions of the New Ordinance. The court found that it remained unclear whether the language of the exemption should be classified as content neutral or content based, and that an evidentiary record was required before a ruling on the matter could issue.

Plaintiffs were granted leave to file a third amended complaint, in order to resolve deficiencies with respect to the equal protection claim specifically.

Plaintiffs duly filed their third amended complaint on August 11, 2010.

C. Instant Motion

Defendant now moves for summary judgment with respect to all claims asserted in plaintiffs' TAC. The claims number seven:

1. 42 U.S.C. § 1983 claim for violation of First Amendment rights under the Old Ordinance as to Signs 1-4 and 6-13 (seeking damages);

2. 42 U.S.C. § 1983 claim for violation of Equal Protection rights under the Old Ordinance as to Signs 1-4 and 6-13 (seeking damages);

3. 42 U.S.C. § 1983 claim for violation of First Amendment rights under the New Ordinance as to Signs 1-4 and 6-13 (seeking damages);

4. 42 U.S.C. § 1983 claim for violation of First Amendment rights under the New Ordinance as to Signs 1-4 and 6-13 (seeking injunctive relief);

5. violation of the California Constitution under the Old Ordinance (seeking damages);

6. violation of the California Constitution under the New Ordinance (seeking damages); and

7. violation of the California Constitution under the New Ordinance (seeking injunctive relief)

See generally TAC. With respect to plaintiffs' damages claims, plaintiffs seek damages in the amount of $360,000 per month based on the City's June 26, 2009 denial of plaintiffs' permit applications. See TAC, ¶¶ 21-29, 37-41.

**DISCUSSION**

A. Legal Standard

Summary judgment is appropriate when there is no genuine issue as to material facts and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. Material facts are those that might affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute as to a material fact is "genuine" if there

is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. Id.

A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. Southern Calif. Gas. Co. v. City of Santa Ana, 336 F.3d 885, 888 (9th Cir. 2003).

On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the nonmoving party's case. Celotex, 477 U.S. at 324-25. If the moving party meets its initial burden, the opposing party must then set forth specific facts showing that there is some genuine issue for trial in order to defeat the motion. See Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 250.

B.   Analysis

Defendant's motion raises the following issues for resolution: (1) whether plaintiffs lack standing to seek damages based on the Old Ordinance; (2) whether plaintiffs' claims under the Old Ordinance are barred because any alleged unconstitutionality was not the but-for cause of any sign permit denials; (3) whether the New Ordinance's exemption provision fails under the federal and/or state constitutions because the exemption is constitutionally sound; and (4) whether the City violated plaintiffs' rights to equal protection by denying plaintiffs' permit applications.

Preliminarily, however, the court notes that plaintiffs have improperly attempted to broaden the scope of their asserted claims by way of their summary judgment opposition. In its earlier rulings on defendant's motions for judgment on the pleadings and to dismiss, the court instructed plaintiffs to clearly allege and set forth in their complaint each provision of the Old and New Ordinance being challenged, and the legal theories/causes of action

8

pursuant to which such provisions are being challenged. The resulting operative TAC accordingly reflects a narrow challenge to (1) section 15.06.080(C) of the Old Ordinance; and (2) section 15.06.070(A)(ii) of the New Ordinance. These are the only two provisions expressly challenged in plaintiffs' complaint. Yet, in their opposition brief, plaintiffs raise a host of purportedly unconstitutional provisions contained in both ordinances – including the entire Old Ordinance, and additional sections 15.06.130, 15.06.070(A)(i), and 15.06.051 of the New Ordinance.

The court declines plaintiffs' invitation to delve into the constitutionality of these additional provisions. These issues were not raised in the underlying operative complaint, and accordingly fall outside its scope. Moreover, to allow plaintiff to raise new claims now – post-discovery – would be unfairly prejudicial to defendant. Accordingly, the court considers only those claims properly pled before the court.

1. <u>Standing to Seek Damages Under Old Ordinance</u>

In claims 1, 2, and 5, plaintiffs assert damages based on past constitutional wrongs under the now repealed Old Ordinance. As it has repeatedly done, the City continues to argue that plaintiffs do not have standing to assert any claim for damages based on the Old Ordinance. Specifically, defendants contend that plaintiffs lack standing to challenge their permit denials under the Old Ordinance, because plaintiffs' permit applications were so incomplete as to provide an independent and valid reason for the denial of plaintiffs' applications – namely, plaintiffs' failure to comply with the Old Ordinance's required size limitations; plaintiffs' failure to comply with permit application requirements; and the fact that the moratorium ordinance would have resulted in certain denial at any rate. As a result, argues defendant, plaintiffs' damages claim is not redressible.

As a general matter, this is the third time that defendant has raised redressibility arguments in an attempt to destroy plaintiffs' ability to seek damages under the Old Ordinance. On those previous occasions, the court has noted the general existence of persuasive authority holding that in certain circumstances, where a defendant could have

or would have denied the plaintiff's permit on an independent and constitutionally valid basis, or a basis not alleged by plaintiff to be unconstitutional, redressibility cannot be satisfied and standing is therefore lacking. See, e.g., KH Outdoor, L.L.C. v. Clay County, Fla., 482 F.3d 1299 (11th Cir. 2007); Get Outdoors II, LLC v. City of San Diego, Cal., 506 F.3d 886, 895 (9th Cir. 2007). In the present context specifically, courts have also noted that a plaintiff only suffers injury and establishes causation with respect to sign ordinance provisions that were actually applied or that a municipality has explained "would certainly be used against" the plaintiff to deny a sign permit. See, e.g., Herson v. City of San Carlos, 714 F. Supp. 2d 1018 (N.D. Cal. 2010); Get Outdoors II, 506 F.3d at 892. And in determining which ordinance provisions caused plaintiff's injuries, the court's analysis should be confined to "only sections of the code upon which the City actually relied in denying plaintiffs' permit application...". 714 F. Supp. 2d at 1024.

Here, it is undisputed that at the time of plaintiffs' permit denials, plaintiffs were expressly informed – via notation at the top of each permit application – that the reason for the denials was because plaintiffs' proposed signs were "not allowed per Section 15.06.080(C) of the Richmond Sign Ordinance." See, e.g., TAC, Ex. 6. There is no evidence that has been cited by the City indicating that the City relied on any alternative reasons for the denial at the time plaintiffs' applications were denied.

Defendant contends that a particular subsection of this provision – specifically, the size limitations contained in Section 15.06.080(C)(6)(g)(ii) of the Old Ordinance – constitute a "constitutionally valid" ground upon which the City could have independently denied plaintiffs' permit applications, since it is clear from plaintiffs' permit applications that the drawings that plaintiffs presented to the City along with their applications are for signs that exceeded the size limitations contained in the subsection. However, defendants take insufficient notice of the fact that plaintiffs have, in fact, challenged the constitutionality of the Old Ordinance's size limitation provision by way of their complaint and in their opposition brief. While true – as argued by defendant – that the gravamen and focus of

plaintiffs' complaint is the commercial versus non-commercial distinction contained within Section 15.06.080(C), see TAC, ¶ 18, it nonetheless may be reasonably inferred from plaintiffs' complaint and the allegations related more generally to "Section 15.06.080" and "Section 15.06.080(C)" that plaintiffs' challenge technically incorporates all aspects of Section 15.06.080(C) – including the size limitation provision contained therein. See id.; see also id., ¶ 26. Plaintiffs' opposition brief further clarifies the existence of plaintiffs' constitutional challenge to the size limitation provision, in response to defendant's argument. See Opp. Br. at 6:22-11:20.

While the parties' briefing goes so far as to make clear that plaintiffs are indeed challenging the constitutionality of the Old Ordinance's size limitation provision, however, the parties do not directly or sufficiently address the question of constitutionality of the provision itself – i.e., the parties introduce no evidence going to the question of whether the size limitation provisions are content-neutral or content-based, and if content-based, whether the provision is the least restrictive means to meet a compelling governmental interest. Without such evidence, the court is unable to conclude, as defendant urges, that the size limitation provision of the Old Ordinance constitutes a constitutionally valid basis upon which plaintiffs' permit applications would likely have been denied – thereby precluding plaintiffs' standing. For this reason, to the extent defendant's standing arguments are premised on the purportedly "constitutional" size limitation provision contained within the Old Ordinance, defendant's summary judgment motion must be, and is, DENIED.

The court notes, however, that an affirmative finding with respect to the constitutionality of the Old Ordinance's size limitation provision would, in fact, be dispositive of the standing question – as well as plaintiffs' claim for damages based on the Old Ordinance. If the size limitation provision is constitutional, for example, and plaintiffs' proposed sign drawings filed in connection with the permit applications indicate that plaintiffs' proposed signs would be in violation of the size limitation provisions, then the

court would likely conclude that redressability is lacking. If, on the other hand, the unconstitutionality of the Old Ordinance's size limitation provisions is established, those provisions could not provide a basis upon which to preclude plaintiffs' ability to recover.

Given the potentially dispositive nature of this constitutional question upon the standing issue, and the fact that both parties have argued the issue as if it had been properly teed up for resolution, the court will allow either party to file a single additional motion for summary judgment targeting this limited issue. The parties shall meet and confer, and advise the court as to a proposed briefing schedule. The briefing on such motion shall be limited to 10 pages per side, and 5 pages on reply, and the issues therein shall be limited to only the question of the constitutionality of the Old Ordinance's size limitation requirements, and that provision's impact on standing.

In so ruling, the court is aware that trial is scheduled for July 25, 2011. If either party decides to pursue the additional summary judgment motion, and the proposed briefing schedule is such that resolution of the motion is inconsistent with maintaining the current trial date, then the court will reschedule the trial.

Finally, with respect to defendant's remaining arguments that (1) plaintiffs' failure to comply with requirements under separate sign permitting and building permitting requirements; and (2) the moratorium instituted upon repeal of the Old Ordinance, would have both resulted in certain denial of plaintiffs' permit applications on independent grounds, the court finds that there are triable issues of fact with respect to these questions. See generally Declaration of Richard Mitchell ISO MSJ ("Mitchell Decl.")(setting forth deficiencies contained in plaintiffs' sign permit applications that would have prevented approval); Declaration of Gautam Manandhar ISO MSJ ("Manandhar Decl.")(identifying deficiencies contained in plaintiffs' building permit applications); cf. Mitchell Decl., ¶¶ 9, 36-37 (indicating that City's practice upon receipt of deficient sign permit applications is not denial, but rather return of the application as "incomplete" or submission of incomplete application); Declaration of Jeffrey Herson ISO MSJ Opposition ("Herson Decl."), ¶¶ 8-9

(averring that incomplete information in applications could have been remedied within one day). As such, defendant's motion is DENIED with respect to these standing arguments, as well.

### 2. But-For Causation Under Old Ordinance

Defendant also seeks summary judgment on grounds that plaintiffs cannot recover damages under the Old Ordinance because any alleged unconstitutionality in the Old Ordinance was not the actual cause of plaintiffs' injuries. Rather, defendant asserts, for reasons that overlap with its standing arguments, that the City would have denied plaintiffs' permit applications on other grounds – thereby precluding any alleged unconstitutionality in the Old Ordinance from being the cause of plaintiffs' injuries.

Because this argument overlaps with the court's preceding standing analysis, and for the same reasons expressed therein, the court DENIES defendant's motion for summary judgment on the instant ground.

### 3. Constitutionality of New Ordinance's Exemption Provision

Plaintiffs' claims 3-4 and 6-7 state federal First Amendment challenges, as well as state constitutional challenges to the New Ordinance. See generally TAC. Plaintiffs specifically challenge only one provision of the New Ordinance: section 15.06.070(A)(ii). TAC, ¶¶ 33, 43. This provision was officially amended on June 15, 2010, as noted by defendant, in order to clarify its limited scope. In its newly amended current form, the provision states: "Provisions of this chapter shall not apply to the placement of any of the following signs: .... (ii) Traffic control and danger signs erected by a governmental entity."[2]

Defendant contends that summary judgment as to all claims based on the foregoing provision is appropriate, for three reasons: (1) the exemption for traffic control and danger signs erected by governmental entities is content-neutral and constitutionally valid as a

---

[2] As noted at the outset of the analysis herein, and for the reasons already set forth, to the extent plaintiffs have attempted to challenge in their opposition various new provisions of the New Ordinance *not* originally identified in the various previous iterations of plaintiffs' complaint, plaintiffs' attempt is misguided and unsuccessful.

13

1  matter of law; (2) even if content-based, is the least restrictive means to achieve a
2  compelling governmental interest; and (3) the exemption does not violate the California
3  constitution.  Plaintiffs, in response, contend that the New Ordinance is content-based,
4  thereby requiring an inquiry as to a compelling government interest, and that the evidence
5  in the record materially disputes defendant's compelling interest showing.

6  As the court has previously noted in conjunction with the prior motions filed by the
7  City, the Ninth Circuit has generally held that exemptions to sign ordinances that do not
8  single out certain content for differential treatment, and that allow officers enforcing the
9  provision to merely note the content-neutral elements of "who" is speaking through the sign
10 and "whether and when an event is occurring," are content-neutral rather than content-
11 based.  See, e.g., G.K. Ltd. Travel v. City of Lake Oswego, 436 F.3d 1064 (9th Cir. 2006).

12 Applying these general guidelines, the Ninth Circuit has held the following types of
13 exemptions content-neutral, and ultimately constitutional: exemptions for  "public signs,
14 signs for hospital or emergency services, legal notices, railroad signs and danger signs;"
15 and exemptions for "directional signs" relating to certain qualifying events defined as "any
16 assembly, gathering, activity, or meeting sponsored, arranged or promoted by a religious,
17 charitable, community service, educational or other similar non-profit organization."  G.K.
18 Ltd. Travel, 436 F.3d at 1076-78; Reed v. Town of Gilbert, Ariz., 587 F.3d 966, 977-78 (9th
19 Cir. 2009).  By contrast, however, the Ninth Circuit has also found impermissibly content-
20 based the following: exemptions for "temporary 'open house' real estate signs" and for
21 "Safety, traffic, or other public informational signals, signs, banners or notices erected or
22 maintained by a public officer or employee in performance of a public duty or by a
23 contractor, utility company or other persons responsible for public safety, peace and
24 welfare."  See Foti v. City of Menlo Park, 146 F.3d 629, 636 (9th Cir. 1998); see also
25 Desert Outdoor Adver. v. City of Moreno Valley, 103 F.3d 814, 820 (9th Cir.1996)(applying
26 content-based test to exemptions for official notices, directional, warning, or information
27 structures, public utility signs, and structures erected near a city or county boundary which
28

14

contain the name of the city, county, or civic, fraternal, or religious organizations located therein); Nat'l Adver. Co. v. City of Orange, 861 F.2d 246, 248 (9th Cir. 1988)(applying content-based test to exemptions for memorial tablets or plaques, real estate and construction signs, open house signs, and traffic and safety signs).  The Ninth Circuit in Foti held that such exemptions were content-based because "[t]o enforce the ordinance, a law enforcement officer must 'examine the content of ... signs to determine whether the exemption applies.'" Id.

Based on this overview of Ninth Circuit precedent, the newly amended June 15 exemption appears to fall into the former content-neutral category.  It clearly states that it applies to "[t]raffic control and danger signs erected by a governmental entity." Enforcement of the exemption depends solely on who the speaker is (i.e., the government) and furthermore applies only to traffic or danger signs – precisely the types of content-neutral signs that some panels of the Ninth Circuit have previously found constitutional. However, some of the preceding authorities have also swept exemptions related to "traffic" signs into the ambit of content-based regulations, see, e.g., National Advertising, 861 F.2d at 248, so it is difficult to conclude with certainty how the signs should be classified.  The court nonetheless notes that the exemption would pass constitutional muster even if it were content-based, provided that it is the least restrictive means to further a compelling interest. See Foti, 146 F.3d at 637; Sable Commn's of Cal., Inc. v. F.C.C., 492 U.S. 115, 126 (1989).

Defendant has come forward with satisfactory evidence of both a compelling interest and a least restrictive means to achieve that interest.  Specifically, defendant has identified the City's compelling interest in public safety, and the need to erect traffic control and danger signs quickly in order to alert drivers and pedestrians to traffic accidents, construction work, and railroad crossings.  Defendant relies on the declaration of Yader Bermudez, the City's Director of the Department of Public Works ("DPW"), who testifies that the DPW erects and maintains permanent traffic control signs to inform drivers of traffic

regulations, the need for such signs, and the dangerous consequences that could result without the ability to erect such signs quickly. See generally Bermudez Decl. Similarly, the City points out that the exemption is the least restrictive means of furthering its compelling interest, because it is limited in scope to traffic control and warning signs only, and only when the signs are erected by a government entity.

In response to this showing, plaintiffs offer nothing that directly refutes the City's evidence that the exemption meets a compelling need, or the City's argument that the exemption is the least restrictive means of meeting that need. Rather, plaintiffs proffer evidence that the City permitted an LED sign owned by a Councilman's contributor, after the sign owner bought lunch for the Councilman a few times. See Olson Decl., Ex. C at 18:10-14; 23:17; 26:3-31:8. This does not create a triable issue of fact as to strict scrutiny, however. Indeed, this evidence says nothing whatsoever about whether the exemption meets a compelling need, or is the least restrictive means of meeting that need. Plaintiffs' evidence is at best a red herring, a means to distract from the actual strict scrutiny inquiry at issue here.

In sum, since plaintiffs offer no evidence sufficient to dispute the City's showing that the exemption in question – even if content-based – meets a compelling need and is the least restrictive means of meeting that need, the court GRANTS defendant's motion for summary judgment as to plaintiffs' First Amendment challenges premised on the recently amended New Ordinance – i.e., section 15.06.070(A)(ii). Since this same finding applies to both the federal and state constitutional claims, the court therefore GRANTS summary judgment as to all claims pertaining to the New Ordinance – claims 3, 4, 6, and 7. See, e.g. Gonzales v. Superior Court, 180 Cal. App. 3d 1116, 1125 (1986)(applying compelling interest test to state constitutional claims).

4.  Equal Protection Claim

Finally, defendant also challenges plaintiffs' ability to demonstrate an equal protection challenge premised on the Old Ordinance – as set forth in claim 2. Plaintiffs

1  allege that "when the OLD CODE was in effect, third parties similarly situated to plaintiffs
2  were allowed by Richmond to display signs, and, in some (and possibly all) cases, are
3  continuing to display signs, similar to those signs desired by plaintiffs." TAC, ¶ 26(a). In
4  clarifying their equal protection claim in their opposition brief, however, plaintiffs clarify that
5  they are asserting a "class of one claim," which alleges that the City intentionally treated
6  plaintiffs differently from other similarly situated permit applicants. The Supreme Court has
7  recognized that "an equal protection claim can in some circumstances be sustained even if
8  the plaintiff has not alleged class-based discrimination, but instead claims that she has
9  been irrationally singled out as a so-called 'class of one.'" Engquist v. Or. Dep't of Agric.,
10 553 U.S. 591, 601 (2008) (citing Village of Willowbrook v. Olech, 528 U.S. 562 (2000) (per
11 curiam)).

12  To succeed on their "class of one" claim, plaintiffs must demonstrate that the City:
13 (1) intentionally (2) treated plaintiffs differently than other similarly situated sign owners, (3)
14 without a rational basis. See Gerhart v. Lake County, Mont., --- F.3d ----, 2011 WL 923381,
15 *7 (9th Cir. 2011); Willowbrook, 528 U.S. at 564. Although plaintiffs must show that the
16 City's decision was intentional, plaintiffs need not show that the City was motivated by
17 subjective ill will. Willowbrook, 528 U.S. at 565.

18  Here, plaintiffs have based their equal protection claim on facts surrounding the
19 City's approval of a sign by the Pacific East Mall.[3] Plaintiffs state that the City's principal
20 planner has testified that the Mall received an exemption from the Old Ordinance; that the
21 owners of the Pacific East Mall bought lunch for a city councilman and contributed to his
22 campaign, and that following these actions, the sign was approved. See Olson Decl., Ex. D
23 at 31, 150-51; Olson Decl., Ex. C at 21, 23-24, 25, 11-18. Aside from this evidence,
24 however, plaintiffs have submitted no evidence showing that the planner who actually

---

[3] Plaintiffs' counsel also contended at the hearing that Target and Chevron were also granted approval of signs, but counsel failed to direct the court to the evidentiary citations in the record conclusively establishing as much, and failed to point to the relevant evidence on this point in their opposition brief.

17

denied his application – Ruby Benjamin – knew these facts when she denied plaintiffs' applications. Furthermore, and as defense counsel argued at the hearing on the motion, even if plaintiffs could establish as much, plaintiffs have failed to argue or demonstrate that plaintiffs, too, approached any City councilman in order to request approval of their signs, and been rejected. Without such evidence, plaintiffs cannot demonstrate that the City intentionally treated plaintiffs differently than other similarly situated owners at all.

Having failed to come forward with proof as to any differential treatment, plaintiffs have failed to identify any genuine issue of material fact with respect to their equal protection "class of one" claim.

Accordingly, the court hereby GRANTS defendant's motion for summary judgment with respect to plaintiffs' equal protection claim.

C. Conclusion

For all the foregoing reasons, the court hereby DENIES defendant's motion for summary judgment in part, and GRANTS the motion in part. The parties shall advise the court of any desire to pursue a further limited summary judgment motion and a briefing schedule, within 10 days of the date of this order.

**IT IS SO ORDERED.**

Dated: April 25, 2011

PHYLLIS J. HAMILTON
United States District Judge