**UNITED STATES DISTRICT COURT**

**For the Northern District of California**

UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| JEFFREY HERSON, *et al.*, | No. C 09-02516 PJH (LB) |
| Plaintiffs, | **ORDER RE MOTION FOR SANCTIONS** |
| v. | |
| CITY OF RICHMOND, | [ECF No. 114] |
| Defendant. | |

## I. INTRODUCTION

On March 9, 2011, Defendant City of Richmond ("Defendant") filed a motion for sanctions for spoliation against Jeffrey Herson and East Bay Outdoor, Inc. ("Plaintiffs") after Herson reinstalled the operating system on his computer, possibly deleting relevant material. ECF No. 114 at 1.[1]  On May 13, 2011, the district court referred the matter to the undersigned. ECF No. 148. The court awards Defendant $15,000 as a sanction because Herson willfully undertook actions that potentially deleted relevant material while he was under an obligation to preserve such material.

## II. FACTS

On June 5, 2009, Plaintiffs filed suit against Defendant, alleging that Defendant's regulation of billboards and other signs violated their rights to free speech and equal protection. Complaint, ECF No. 1 at 1. On June 26, 2009, Plaintiffs submitted eight permit applications to erect billboards in

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

C 09-02516 PJH (LB)
ORDER GRANTING MOTION FOR SANCTIONS

1  Richmond. Third Amended Complaint, ECF No. 63 at 4, ¶ 17. On the same day, Defendant denied
2  the applications on the basis that Plaintiffs' requested signs were forbidden by section 15.06.080(C)
3  of Richmond's sign ordinance. *Id.*
4      On November 23, 2009, Defendant served Plaintiffs with requests for production of documents,
5  including all documents that Plaintiffs had submitted to Richmond with their permit applications as
6  well as all communications with the owners of the land on which Plaintiffs claim to have leased
7  space for the construction of their billboards. Document Requests to Herson, Exh. 1, ECF No. 115-1
8  at 4-6; Document Requests to East Bay, Exh. 2, ECF No. 115-2 at 4-6.
9      In Plaintiffs' July 7, 2010 opposition to Defendant's motion to dismiss the second amended
10 complaint, they asserted that they "had ready drawings, blueprints and structural reports pertaining
11 to the signs" when they submitted their plans to Richmond. Plaintiffs' Opposition, ECF No. 54 at
12 11. Plaintiffs, however, did not produce any additional plans or other related material until
13 November 16, 2010, when Plaintiffs produced hard copies of the nine site plans that had been
14 submitted to Richmond and were stamped "Received June 26, 2009, Richmond Planning
15 Department." Exh. 14, ECF No. 115-14 at 4-13.
16     In October 2010, Defendant deposed Herson. Herson testified that he had prepared the site plans
17 using AutoCAD software on his computer and might have them available on his computer. Herson
18 Dep., ECF No. 115-10 at 33-35. Herson later amended his deposition testimony to claim that he did
19 not save the site plans on his computer after he printed them out in hard copy. Herson Dep., ECF
20 No. 115-10 at 34; 11/16/2010 Letter from Botswick to Zinn, ECF No 115-2 at 2. Additionally,
21 Herson initially testified at his deposition that he erected the first billboard in early 2009 and then
22 later amended that answer to June 6, 2009. Herson Dep., ECF No. 115-11 at 2; 11/16/2010 Letter
23 from Botswick to Zinn, ECF No 115-2 at 2. Herson also testified that, five or six months before the
24 deposition (around a year after filing this lawsuit), he restored his computer to its factory settings in
25 response to an internet virus, essentially deleting his hard drive. Herson Dep., ECF No. 115-10 at
26 34. As noted above, Herson later amended his testimony to state that, prior to restoring his
27 computer, he had failed to save in electronic form his site plans. Herson Dep., ECF No. 115-10 at
28 34; 11/16/2010 Letter from Botswick to Zinn, ECF No 115-2 at 2. Herson further testified that he

had deleted e-mails to and from the putative lessors pursuant to his practice of deleting e-mails when his in-box became full shortly before filing this lawsuit. *Id.* at 45-46.

Following the deposition, Defendant requested that Herson produce his computer for a forensic inspection to recover any deleted documents responsive to Defendant's discovery requests. After ultimately fruitless negotiation as to which party would bear the costs of the forensic inspection, on December 23, 2010, Herson produced his computer for inspection by the forensic computer experts at SFLData. Crain Decl. ECF No. 116 at 2, ¶ 3.

The forensic inspection revealed that Herson had re-installed the operating system in May 2010 in a manner that effectively deleted all the files on the hard drive. *Id.* at 2, ¶ 4; Exh. 1, ECF No. 116-2 at 2-4. Before a user can complete this action, the computer typically issues a warning that all files on the hard drive will be deleted. *Id.*; Exh. 1, ECF No. 116-2 at 3-4. The forensic expert was unable to recover any relevant AutoCad files. *Id.* at 2, ¶ 5. The deleted files might have been recoverable if they had not been overwritten by subsequent computer use. *Id.* at 3, ¶ 6. An expert could have imaged and preserved the data for litigation before Herson overwrote it. *Id.* at 3, ¶ 7.

### III. LEGAL STANDARD

Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation. *United States v. Kitsap Physicians Svs.*, 314 F.3d 995, 1001 (9th Cir. 2002). A party must "suspend any existing policies related to deleting or destroying files and preserve all relevant documents related to the litigation." *In re Napster, Inc. Copyright Litigation*, 462 F.Supp.2d 1060, 1070 (N.D. Cal. 2006) (citation omitted). This duty extends to the period before litigation when a party should reasonably know that evidence may be relevant to anticipated litigation. *Id.* at 1067.

"A federal trial court has the inherent discretionary power to make appropriate evidentiary rulings in response to the destruction or spoliation of relevant evidence." *Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993).

### IV. DISCUSSION

The court first analyzes whether sanctions are warranted. After concluding that sanctions are warranted because Herson willfully reinstalled the operating system on his computer and possibly

1  deleted relevant material, the court discusses what sanctions are appropriate.

2  **A.   Whether Sanctions Are Warranted**

3  **1. Summary of Defendant's Argument and Plaintiffs' Counter-Arguments**

Defendant claims that sanctions are warranted because Herson's conduct violated his duty to preserve evidence by (1) deleting relevant emails shortly before filing suit and long after he began investigating the facts of his lawsuit and (2) reinstalling the operating system on his computer that had been used to generate documents relevant to the ongoing litigation a year into the case. Reply, ECF No. 140 at 3.

At its core, Plaintiffs' argument is that sanctions are not warranted because (1) Defendant cannot prove that Plaintiffs engaged in spoliation and (2) Herson did not act in bad faith when he reinstalled the operating system on his computer and when he deleted emails to and from the putative lessors. ECF No. 134 at 5-6. To the first point, Plaintiffs specifically argue that Defendant cannot prove that Plaintiffs engaged in spoliation because hard copies of the design documents and site plans submitted to Richmond were produced to Defendant, there is no evidence that any documents were destroyed, and any deletion of documents occurred in the normal course of business. *Id.* at 5. To the latter point, Plaintiffs claim that Defendant cannot establish bad faith because it cannot conclusively prove what, if any, warning would have appeared when Herson undertook the reinstallation or whether any files were actually deleted, and there is no evidence that Herson used any special wiping software to permanently delete files from his computer's memory. *Id.* at 5-7.

With regard to both portions of this argument, Plaintiffs and their expert focus on their assertion that Herson did not use special wiping software to permanently delete files from his computer's memory. ECF No. 134 at 3-4. Plaintiffs' expert, Flagg, also claims that he was able to recover CAD files and that this proves that no other CAD files were deleted and made unrecoverable by the reinstallation and subsequent use of Herson's computer. *Id.* at 4 (citing Flagg Decl., ECF No. 136 at 4-5, ¶¶ 20-21).

**2. Court's Findings for the Purposes of this Discovery Motion**

As an initial matter, the court does not find Herson's deposition corrections credible. "A statement of reasons explaining corrections is an important component of errata submitted pursuant

1  to FRCP 30(e), because the statement permits an assessment concerning whether the alterations have
2  a legitimate purpose." *Hambleton Bros. Lumber Co. v. Balkin Enters.*, 397 F.3d 1217, 1224-25 (9th
3  Cir. 2005). Herson failed to provide any explanation for his corrections and they appear to be more
4  contradictory than corrective. For example, Herson initially said that he might have saved AutoCad
5  files on his computer and then he said that he did not save them in electronic form after printing
6  them out. Herson Dep., ECF No. 115-10 at 34; 11/16/2010 Letter from Botswick to Zinn, ECF No
7  115-2 at 2. At the hearing, Herson did not offer any explanation or argument as to why the court
8  should find that the corrections were truly corrective and not strategic. Therefore, the court does not
9  assign any weight to the corrections and deems them strategic corrections. *Hambleton Bros. Lumber*
10 *Co.*, 397 F.3d at 1225. The court's conclusion is buttressed by the contradiction between the
11 purported "correction" of the date that Plaintiffs first erected a sign to June 6, 2009 and Plaintiffs'
12 statements in the complaint, which was filed on June 5, 2009, that a sign had already been erected.
13 *Compare* Herson Dep., ECF No. 115-11 at 2; 11/16/2010 Letter from Botswick to Zinn, ECF No
14 115-2 at 2 *with* Complaint, ECF No. 1-1 at 11-12, ¶ 40.

15     Having rejected Herson's attempts to modify his deposition, the court finds that Herson erected a
16 sign in early 2009. Also, the court notes Herson's testimony that he had been a plaintiff in
17 numerous other billboard-regulation lawsuits and had discussed the ordinances with city officials in
18 late 2008 or early 2009. Herson Depo., ECF No. 115-10 at 5-6, 22-23. Given these facts, the court
19 finds that Herson's duty to preserve evidence began at latest in early 2009.

20     The court also finds that Herson willfully deleted emails to and from putative lessors in violation
21 of this duty. The emails to and from the putative lessors that were deleted prior to the suit were
22 clearly relevant given Herson's damages claims. And, again, the court found that Herson anticipated
23 litigation by early 2009. Herson, therefore, cannot claim that this conduct does not constitute
24 spoliation even if it otherwise was consistent with his normal policy. *Cf. United States v.*
25 *$40,955.00 in U.S. Currency*, 554 F.3d 752, 758 (9th Cir. 2009) (holding that a party does not
26 engage in spoliation when, without notice of the evidence's potential relevance, the party destroys
27 the evidence according to its policy or in the normal course of its business); S*tate of Idaho Potato*
28 *Comm'n v. G & T Terminal Packaging, Inc.*, 425 F.3d 708, 720 (9th Cir. 2005); *Kitsap Physicians*

1 *Service*, 314 F.3d at 1001-02.

2 Similarly, after filing suit on June 5, 2009, Plaintiffs definitely had a clear obligation to preserve all potentially relevant evidence on Herson's computer, which he had used to generate documents relevant to this litigation. Plaintiffs claim that no relevant files were deleted when he deleted the contents of his hard drive. Opposition, ECF No. 134 at 5. But the court finds that it is possible that relevant files were on the computer as per Herson's original testimony. *See also* Crain Decl., Exh. 2, ECF No. 116-2 at 5 (finding many corrupted CAD files). The court rejects Flagg's argument that the existence of any CAD files from the previous install is proof that no CAD files had been wiped or overwritten, because the continued existence of one file cannot demonstrate that no other files have previously been deleted. *See* Crain Decl., ECF No. 142 at 5, ¶ 9.

And, while Plaintiffs' argument that Herson did not use special wiping software to delete the files distinguishes the instant facts from those in *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006), a party's destruction of evidence need not be in "bad faith" to warrant the imposition of sanctions. *Glover*, 6 F.3d at 1329. "District courts may impose sanctions against a party that merely had notice that the destroyed evidence was potentially relevant to litigation." *In re Napster*, 462 F.Supp.2d at 1066; *see also Glover*, 6 F.3d at 1329 ("simple notice" that destroyed evidence has "potential relevance to ... litigation" is sufficient to warrant spoliation sanction). In this case, Defendant was unable to prove that any evidence was destroyed by the very nature of Herson's misconduct. But, having rejected Herson's deposition corrections, the court finds that it is likely that relevant files were on the computer and the forensic inspection was necessary to try to ascertain their existence and recover them. *See generally Johnson v. Wells Fargo Home Mortg., Inc.*, 635 F.3d 401, 422 (9th Cir. 2011) (affirming jury instruction contemplating adverse presumption jury instruction if the jury found that documents had been destroyed by the willful reformatting of the plaintiff's hard drive). Moreover, the court may impose monetary sanctions even in the absence of willful destruction. *See, e.g., Realnetworks, Inc. v. DVD Copy Control Ass'n, Inc.*, 264 F.R.D. 517, 530 (N.D. Cal. 2009).

**B.  <u>What Sanctions Are Appropriate</u>**

Courts may sanction parties responsible for spoliation of evidence in a few ways. First, a court

may instruct the jury that it may draw an adverse inference against the party or witness responsible for destroying the evidence. *See Glover*, 6 F.3d at 1329.  Second, a court may exclude witness testimony based upon the destroyed evidence and proffered by the party responsible for destroying the evidence. *Id.* at 1329.  Third, the court may dismiss the claim of the party responsible for destroying the evidence but this is only appropriate where "a party has engaged deliberately in deceptive practices that undermine the integrity of judicial proceedings." *Leon*, 464 F.3d at 958. Also, even when a moving party does not demonstrate prejudice, a court may impose monetary sanctions. *See, e.g.*, *Kopitar v. Nationwide Mut. Ins. Co.*, 266 F.R.D. 493, 501 (E.D. Cal. 2010); *Pension Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Sec.*, 685 F. Supp. 2d 456, 467 (S.D.N.Y. 2010); *Treppel v. Biovail Corp.*, 249 F.R.D. 111, 124 (S.D.N.Y. 2008).

In its reply brief, Defendant requests $33,065 as a sanction. ECF No. 140 at 11.  This amount is comprised of $19,960 in attorneys' fees from the initial motion, $9,855 for the response, and $3,250 for its expert's consultation on the response. *Id.*  In its initial motion, Defendant requested attorneys' fees and costs and $3,553.79 for the cost of the forensic inspection. ECF No. 114 at 14-15.  At the hearing, the court stated its intention of awarding $15,000 as a sanction comprised of $11,750 in attorneys' fees and $3,250 in costs.  At the hearing, Defendant agreed that the sanction was reasonable.  Defendant pointed out that the law in this area tends to be very fact-specific, requiring a great deal research.  Defendant also requested that the court enlarge the award by the $3,250 expended for the rebuttal testimony of Defendant's expert.  But, as per the court's statements at the hearing, this amount already was included, and the court finds the total of $15,000 to be reasonable.

Plaintiffs assert that the amount requested by Defendant is unreasonable, even if the court finds them liable for spoliation of evidence. ECF No. 134 at 7.  First, Plaintiffs note that they agreed to reimburse Defendant for costs if the procedure revealed that Herson had failed to preserve evidence. *Id.* (citing 11/23/10 Letter from Botswick to Zinn, ECF No. 115-16 at 2).  Second, Plaintiffs cite to their expert's evaluation of the cost of the examination as too high. *Id.* at 7 n.3 (citing Flagg Decl., ECF No. 136 at 5, ¶ 22).  Third, Plaintiffs further argue that it was unreasonable for Defendant to spend 24.8 hours researching and drafting a motion for sanctions before an expert was hired and

1 there was any evidence of wrongdoing. *Id.* (citing Attorneys' Fees Spreadsheet, ECF No. 115-20 at
2 1). Fourth and finally, Plaintiffs claim that they spent six hours on the opposition to the motion and
3 that any awarded fees should be commensurate with the amount at stake, about $2,000. *Id.* at 7-8.

4     Defendant rebuts Plaintiffs' points. First, Defendant points out that Plaintiffs' offer to reimburse
5 Defendant if the procedure revealed that Herson failed to preserve evidence missed the point since
6 the allegedly problematic conduct's potential outcome was the destruction of this evidence. ECF
7 No. 140 at 7-8. To Plaintiffs' second argument, Defendant asserts that its expert differs from
8 Plaintiffs' expert in terms of expertise and that Plaintiffs did not object to the amount when the
9 parties were negotiating about who would bear the costs. *Id.* at 8. To Plaintiff's third point,
10 Defendant claims that its early efforts regarding the motion were appropriate because it was clear
11 that Herson had despoiled evidence prior to the retention of its expert and that the forensic
12 inspection was just to see if any files could be recovered. *Id.* Finally, Defendant claims that
13 Plaintiffs have waived any objections to the hourly rates claimed by Defendant's counsel. *Id.* at 8-9.

14     When awarding attorneys' fees as a sanction, the amount must be reasonable. *Matter of*
15 *Yagman*, 796 F.2d 1165, 1184 (9th Cir. 1986). The court must take into account the perceived
16 misconduct and the sanctioning authority. *Id.* The court also must evaluate the claimed fees to
17 ensure that they were reasonably necessary. *Id.* at 1185. "The measure to be used 'is not actual
18 expenses and fees but those the court determines to be reasonable.'" *Id.* Additionally, "a party's
19 degree of fault in destroying evidence is relevant to what sanction, if any, is imposed ." *In re*
20 *Napster*, 462 F.Supp.2d at 1066–67 (citations omitted).

21     In this case, in an effort to compromise, Defendant proposed splitting the costs of the forensic
22 inspection. 11/30/10 Letter from Zinn to Botswick, ECF No. 115-17 at 1. If Plaintiffs had accepted,
23 Defendant would have received $1,776.90 and the issue would have been concluded. *See* Crain
24 Decl., ECF No. 116 at 3, ¶ 8 (billing $3,553.79 to inspect Herson's computer and generate a report
25 for the parties). But Plaintiffs refused to cooperate, despite Herson's violation of his obligation to
26 preserve evidence, and forced Defendant to bring this motion. *See* 12/2/10 Letter from Botswick to
27 Zinn, ECF No. 115-18 at 1-2.

28     However, the court finds that a few factors militate against the amount of sanctions requested by

Defendant. First, neither party sought the court's intervention prior to commencing this resource-intensive method for resolving a relatively straightforward discovery dispute. Second, while Plaintiffs were at fault, Herson's actions were not too egregious. Third, while the issue was well-briefed by Defendant's counsel, it was not highly complicated and Defendant's expenditure of 111.9 hours of attorney time is excessive. To the last point, as one example, the court finds the 34.4 hours of attorney time expended on the reply brief to be excessive because the legal arguments were substantially similar in the original motion and reply briefs.

Given the legal principles and facts identified above, the court awards $15,000 – $11,750 in attorneys' fees and $3,250 in costs to Defendant – to Defendant as a sanction for Herson's spoliation.

## V. CONCLUSION

For the foregoing reasons, the court awards $15,000 to Defendant as a sanction for Herson's spoliation.

This disposes of ECF No. 114.

**IT IS SO ORDERED.**

Dated: August 11, 2011

_____
LAUREL BEELER
United States Magistrate Judge