UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEFFREY HERSON, et al.,

    Plaintiffs,

    v.

CITY OF RICHMOND,

    Defendant.

_____/

No. C 09-2516 PJH

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

The parties' supplemental cross-motions for summary judgment came on for hearing on November 30, 2011 before this court. Plaintiffs, Jeffrey Herson and East Bay Outdoor, Inc. (collectively "plaintiffs") appeared through their counsel, Michael McConnell and Joshua Furman. Defendant City of Richmond ("the City" or "defendant") appeared through its counsel, Matthew Zinn, Winter King, and Jaclyn Prang. Having read all the papers submitted and carefully considered the relevant legal authority, the court hereby GRANTS defendant's motion for summary judgment and DENIES plaintiffs' motion for summary judgment, for the reasons stated at the hearing, and as follows.

**BACKGROUND**

The instant action has been the subject of extensive motion practice before the court. Generally, plaintiffs' claim for injunctive, declaratory, and monetary relief against defendant City of Richmond arises from the City's codified Sign Ordinance – both an old sign ordinance, and a new sign ordinance that in September 2009 replaced the old ordinance.

On April 6 2011, defendant moved for summary judgment with respect to all claims asserted by plaintiffs in the third amended complaint filed on August 11, 2010. Specifically,

defendant raised the following issues for resolution: (1) whether plaintiffs lacked standing to seek damages based on the Old Ordinance; (2) whether plaintiffs' claims under the Old Ordinance are barred because any alleged unconstitutionality was not the but-for cause of any sign permit denials; (3) whether the New Ordinance's exemption provision failed under the federal and/or state constitutions; and (4) whether the City violated plaintiffs' rights to equal protection by denying plaintiffs' permit applications.

The court granted summary judgment in part and denied it in part in an order filed April 25, 2011. In that order (which is incorporated herein by reference), the court set forth the factual and procedural history of this case. See Order Granting Summary Judgment in Part and Denying Summary Judgment in Part ("Summary Judgment Order") at 1-7. The court then granted summary judgment with respect to all of plaintiffs' claims premised on the New Ordinance. The court also granted summary judgment with respect to plaintiffs' equal protection claim premised on the Old Ordinance.

With respect to plaintiffs' remaining claims under the Old Ordinance – i.e., plaintiffs' section 1983 claim and state constitutional claim – the court denied summary judgment. Specifically, the court ruled that it could not affirmatively decide whether plaintiffs lacked standing to seek damages based on the Old Ordinance. The City had contended that plaintiffs lacked standing because plaintiffs' permit applications were so incomplete as to provide an independent and constitutional reason for the denial of plaintiffs' applications – namely, plaintiffs' failure to comply with the Old Ordinance's size limitations. Plaintiffs, however, had challenged the constitutionality of the Old Ordinance's size limitation provisions in their complaint and in their opposition. But, as the court noted, neither party introduced sufficient evidence or argument as to the actual constitutionality of the size limitation provisions, to enable the court to make a decision on the matter. Thus, summary judgment had to be denied on the standing question, and it followed as well, that summary judgment had to be denied with respect to defendant's but for causation arguments, since they depended from the standing argument.

The court further noted, however, that an affirmative finding with respect to the constitutionality of the Old Ordinance's size limitation provision would be dispositive of the standing question and plaintiffs' claim for damages, since if the court concluded that the size limitation provision is constitutional, and the evidence establishes that plaintiffs' proposed signs would be in violation of the size limitations, then redressability would likely be lacking.  The same would also impact defendant's but for causation arguments.

Thus, the court offered the parties the opportunity to file supplemental summary judgment motions going to the limited question of the constitutionality or unconstitutionality of the Old Ordinance's size limitation provision.

The parties' supplemental cross motions for summary judgment are now before the court.

**DISCUSSION**

A.   Legal Standard

Summary judgment is appropriate when there is no genuine issue as to material facts and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56. Material facts are those that might affect the outcome of the case.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party.  Id.

A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party.  Southern Calif. Gas. Co. v. City of Santa Ana, 336 F.3d 885, 888 (9th Cir. 2003).

On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the district court that there is an absence

of evidence to support the nonmoving party's case. Celotex, 477 U.S. at 324-25. If the moving party meets its initial burden, the opposing party must then set forth specific facts showing that there is some genuine issue for trial in order to defeat the motion. See Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 250.

B.     Legal Analysis

The only issue before the court is whether the height and size provisions in the old ordinance – specifically, those codified at Section 15.06.080 (C)(6)(g)(ii) – could have provided an independent constitutional basis for denying plaintiffs' permits. The actual language of the foregoing provision is undisputed: it provides that "Type B freestanding signs" erected within 660 feet of a freeway or the Richmond Parkway cannot exceed 12 feet in height nor 40 square feet in area.[1] See Third Amended Complaint, Ex. 5 at § 15.06.080 (C)(6)(g)(ii). The question now is whether this provision is unconstitutional.

The City asserts that these height and size restrictions are constitutional because they are content neutral, and also narrowly tailored to serve the City's compelling interests in public safety and aesthetics. Plaintiffs, however, contend that the restrictions contain content based exceptions that favor commercial speech over political, noncommercial speech.

On balance, the court agrees with defendant. Generally, "whether a statute is content neutral or content based is something that can be determined on the face of it; if the statute describes speech by content then it is content based." Menotti v. City of Seattle, 409 F.3d 1113, 1129 (9th Cir.2005). Here, section 15.06.080 (C)(6)(g)(ii) does not discriminate, on its face, between the content of speech. Regardless of the type of speech expressed upon a Type B freestanding sign, (commercial, non-commercial or political), the foregoing provision does not permit any sign with dimensions exceeding those noted. Thus, the court deems the provision content neutral, a conclusion that is, moreover,

---

[1] At the hearing, plaintiffs' counsel conceded that the proposed structures disclosed in plaintiffs' permit applications constitute "Type B freestanding signs" under the old ordinance.

4

consistent with the Ninth Circuit's prior precedent in dealing with similar signs.  See, e.g., Get Outdoors II, LLC v. City of San Diego, 506 F.3d 886, 893 (9th Cir.2007)(ordinarily, "size and height restrictions on billboards are evaluated as content-neutral time, place and manner regulations.").

Not only is section 15.06.080(C)(6)(g)(ii) constitutional, but the size and height restrictions contained therein also appear narrowly tailored to serve a compelling City interest.  See Flint v. Dennison, 488 F.3d 816, 830 (9th Cir. 2007)("A content-neutral time, place, and manner restriction is permissible so long as it is 'narrowly tailored to serve a significant government interest, and leave[s] open ample alternative channels of communication.'").  This is because the evidence discloses that the City adopted the size limits to preserve and enhance the aesthetic values of the city and to protect and promote the safety and welfare of its citizens.  See Mitchell MSJ Decl., ¶ 2.  The size limitation serves this purpose in a narrowly tailored fashion in large part because the size limitation, rather than an outright ban, provides some opportunity for the sort of display that plaintiffs' seek, while at the same time prevents applicants from erecting signs which are large enough to distract drivers or blemish the City's open areas.  And in addition, the restrictions apply only to the 660 foot strip surrounding freeways and scenic highways – areas in which the City's interests in avoiding driver distraction and protecting aesthetics are the most acutely implicated.  All of which – in view of plaintiffs' failure to affirmatively dispute any of this evidence – serves to support a finding that the provision is constitutional.

Instead of affirmatively rebutting defendant's showing, plaintiffs instead rest their argument as to the unconstitutionality of § 15.06.080(C)(6)(g)(ii) on the purportedly unlawful provisions contained within the old ordinance at other provisions – e.g., §§ 15.06.080(C)(1) and 15.06.080(C)(6)(i).  In essence, plaintiffs contend that, because the old ordinance distinguishes between the type of signs that can even be subject to the size and height requirements based upon content (a fact that the City does not dispute), the size and height requirements do not even apply unless the content of the sign passes muster.

Therefore, and in essence, the size and height provision is unconstitutional because the law upon which it depends is admittedly unconstitutional.

However, in this respect, defendant's reliance on Herson v. City of San Carlos, 714 F. Supp. 2d 1018 (N.D. Cal. 2010) – which involved the same plaintiffs and a nearly identical factual scenario – is on point, and persuasive. In Herson, the court considered defendant San Carlos' similar claim that plaintiffs could not demonstrate redressability, even in the face of unconstitutional content-based provisions of the sign ordinance in question, because the City could have denied plaintiffs' permit applications based on the constitutional size and height limitations. The court acknowledged that other provisions of the sign ordinance and even certain language within the size and height restriction provisions, discriminate on the basis of the content of the speech presented on a particular type of sign. However, the court noted that under Get Outdoors II, other provisions – such as the unconstitutional content based restrictions in the old Richmond ordinance that plaintiffs argue here – are irrelevant in determining whether the size and height restrictions were valid, content-neutral, time, place and manner restrictions that independently justified the denial of plaintiffs' application. Herson concluded that, because the size and height limitations of San Carlos' sign ordinance, standing alone, were constitutional and "because the city was entitled to reject plaintiffs' permit pursuant to the size restriction, plaintiffs' other claims are not redressable." See Herson, 714 F. Supp. 2d at 1028.

So here. The court declines to accept plaintiffs' invitation to find the old ordinance's size and height requirements unconstitutional, based on the unconstitutionality of other independent content-based restrictions within the old ordinance. Moreover, to the extent that plaintiffs attempt to argue the unconstitutionality of other provisions of the old ordinance, these arguments go beyond the scope of the court's prior summary judgment order. As the court stated in that order, the issue for the court now is limited to determining the constitutionality of section 15.06.080(C)(6)(g)(ii) alone.

In sum, since the old ordinance's size and height provision is constitutional, and

since it is also undisputed that even the smallest of plaintiffs' proposed signs would have been 35 feet tall and several hundred square feet in area, <u>see</u> Mitchell MSJ Decl., ¶¶ 7, 9-11, the court finds that the City could have denied plaintiffs' sign permits based on the constitutionally valid size and height limitation provision.  As such, summary judgment as to standing is GRANTED in defendant's favor.  And because, as the court previously acknowledged, the but for causation argument defendant makes in challenging plaintiffs' section 1983 claim also depends upon the foregoing, summary judgment is also appropriate as to this claim.

In accordance with the foregoing, summary judgment is GRANTED for defendant. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: December 5, 2011

_____
PHYLLIS J. HAMILTON
United States District Judge