UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES  DISTRICT COURT

Northern District of California

Oakland Division

JEFFREY HERSON, *et al.*,

               Plaintiffs,

    v.

CITY OF RICHMOND,

               Defendant.

_____/

No. C 09-02516 PJH (LB)

**REPORT AND RECOMMENDATION REGARDING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES**

[ECF No. 193]

## I.  INTRODUCTION

On December 19, 2011, Plaintiffs Jeffrey Herson and East Bay Outdoor, Inc. filed a motion seeking attorneys' fees from Defendant City of Richmond ("Defendant"), pursuant to section 1021.5 of the California Code of Civil Procedure.  ECF No. 193 at 1.[1]  On December 20, 2011, the district court referred the matter to the undersigned for a report and recommendation.  Referral Order, ECF No. 205 at 1.  The undersigned recommends that the district court deny Plaintiffs' motion because (1) Plaintiffs did not establish that they made any pre-litigation settlement efforts; (2) Plaintiffs did not establish that the necessity and financial burden of private enforcement makes an award appropriate in this case, and; (3) Plaintiffs failed to comply with the procedural requirements for a fee motion.

///

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

**II.  FACTS**

Plaintiffs operate signs that display commercial and non-commercial speech.  Order, ECF No. 137 at 2.  They lease parcels of land within the boundaries of Richmond, and erect signs on the land. *Id.*  On June 5, 2009, Plaintiffs filed suit against Defendant, alleging that Defendant's ordinance regulating billboards and other signs violated Plaintiffs' rights to free speech and equal protection as provided for by both the federal and California constitutions.  Complaint, ECF No. 1 at 1. Shortly thereafter, on June 26, 2009, Plaintiffs submitted permit applications for billboards on eight parcels of land. Order, ECF No. 137 at 2.  Defendant denied the permit applications based on its old ordinance, which contained numerous restrictions on signs within a 660-feet restricted area in Richmond, including a prohibition on non-commercial speech.  *Id.*  And then, on July 7, 2009, Defendant repealed the ordinance governing the billboards, replacing it in September 2009 with an ordinance (amended in June 2010) that did not differentiate between commercial and non-commercial speech.  *Id.* at 3, 4, 5.  Plaintiffs, however, continued to pursue their claims, seeking damages for violations under the old ordinance and challenging provisions of the new ordinance. Ultimately, the district court granted summary judgment in favor of Defendant.  *See* Order, ECF No. 137 at  18; Order, ECF No. 190 at 7.

**III.  LEGAL STANDARD**

Section 1021.5 of the California Code of Civil Procedure provides that a court may award attorneys' fees to a successful party when the action has resulted in the enforcement of an important right affecting the public interest if: "(a) a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons, (b) the necessity and financial burden of private enforcement, or of enforcement by one public entity against another public entity, are such as to make the award appropriate, and (c) such fees should not in the interest of justice be paid out of the recovery, if any."  Cal. Code Civ. P. § 1021.5.

The Supreme Court has held that a plaintiff must have secured a "court-ordered 'chang[e] [in] the legal relationship between [the plaintiff] and the defendant'" to be considered a prevailing party and, thus, be eligible for attorneys' fees under certain federal fee-shifting statutes. *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dept. of Health & Human Res.*, 532 U.S. 598, 604 (2001).  But

1   California law does not require a judicially-recognized change in the legal relationship between the

2   parties as a prerequisite for obtaining attorney fees under section 1021.5 of the California Code of

3   Civil Procedure. *Graham v. DaimlerChrysler Corp.*, 34 Cal.4th 553, 569 (2004). Instead, a plaintiff

4   may obtain attorneys' fees even when the plaintiff does not secure a favorable final judgment. *Id.* at

5   565. Courts assess the practical impact – not the form of the legal disposition – of the litigation to

6   determine whether the party was successful, focusing on whether an important right was vindicated

7   by motivating the defendants to modify their behavior. *Id.* at 566-67.

8       Additionally, as set forth by the California Supreme Court, in order to obtain attorneys' fees

9   under the catalyst theory, a plaintiff must establish the following: (1) the lawsuit was a catalyst

10  motivating the defendants to provide the primary relief sought; (2) the lawsuit had merit and

11  achieved its catalytic effect by threat of victory; and (3) that the plaintiffs reasonably attempted to

12  settle the litigation prior to filing the lawsuit. *Tipton–Whittingham v. City of Los Angeles*, 34 Cal.4th

13  604, 608 (2004).

14                                     **IV.  DISCUSSION**

15      In opposition to Plaintiffs' motion, Defendant makes four arguments: (1) Plaintiffs did not

16  establish that they undertook any pre-litigation settlement efforts; (2) Plaintiff's potential financial

17  gain from the litigation vastly exceeds its cost; (3) Plaintiffs failed to comply with the procedural

18  requirements for a fee motion, and; (4) even if Plaintiffs were entitled to fees, they are not entitled to

19  an award for fees incurred after Defendant made a settlement offer. Opposition, ECF No. 201 at 3-4.

20  The court focuses its inquiry on the areas highlighted by Defendant.

21  **A.  <u>Whether Plaintiffs Attempted to Settle the Litigation Prior to Filing the Lawsuit</u>**

22      A plaintiff must have reasonably attempted to settle the litigation prior to filing the lawsuit to be

23  eligible for an award of attorneys' fees under the catalyst theory. *Tipton–Whittingham*, 34 Cal.4th

24  at 608; *Graham*, 34 Cal.4th at 577. "Lengthy pre-litigation negotiations are not required, nor is it

25  necessary that the settlement demand be made by counsel, but a plaintiff must at least notify the

26  defendant of its grievances and proposed remedies and give the defendant the opportunity to meet its

27  demands within a reasonable time." *Graham*, 34 Cal.4th at 577; *see also Abouab v. City & Cnty. of*

28  *San Francisco*, 141 Cal. App. 4th 643, 668-69 (2006) (denying motion for fees under catalyst theory

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

UNITED STATES DISTRICT COURT
For the Northern District of California

1   where plaintiff did not comply with pre-litigation notification requirement).

2   Plaintiffs do not directly address their failure to meet this categorical requirement set forth by the

3   California Supreme Court.  Instead, Plaintiffs argue that applying the rule would undermine the

4   purposes of the fee-shifting statute.  Reply, ECF No. 207 at 2-3.  But Plaintiffs provide no authority

5   for the implicit suggestion that a plaintiff may be excused from the pre-litigation notification

6   requirement based on *ex post* allegations of futility.

7   Conversely, in a similar case, a district court denied an application for attorneys' fees based on

8   the plaintiff's failure to undertake any pre-litigation settlement efforts.  *Get Outdoors II v. City of*

9   *San Diego*, No. Civ. 03-1436WQHAJB, 2005 WL 3591964, at *3 (S.D. Cal. Dec. 21, 2005).  The

10   district court found that the plaintiff's submission of permit applications for billboards did not

11   suffice.  *Id.* at *2.  Here, as set forth below, Plaintiffs did not even submit permit applications prior

12   to bringing suit.  Thus, Defendant had not opportunity to address the harm alleged by Plaintiffs prior

13   to the suit.

14   Furthermore, the facts in this case do not establish that Plaintiffs' efforts would have been futile.

15   Instead, the record establishes the following chronology: (1) Plaintiffs filed suit on June 5, 2009; (2)

16   Plaintiffs submitted permit applications for the billboards on June 26, 2009; (3) Defendant repealed

17   the law on July 7, 2009, and; (4) Defendant made a Rule 68 settlement offer to Plaintiffs on July 8,

18   2009.  Order, ECF No. 137 at 2-3; Opposition, ECF No. 201 at 6; Zinn Decl., ECF No. 202 at 2, ¶ 2.

19   Given these factors, the court recommends that the district court deny Plaintiffs' motion based

20   on their failure to engage in any pre-litigation settlement negotiations.

21   **B.  Whether the Necessity and Financial Burden of Private Enforcement Make the Award**

22   **Appropriate**

23   In part, section 1021.5 of the California Code of Civil Procedure provides that a court may award

24   attorneys' fees to a successful party when the action has resulted in the enforcement of an important

25   right affecting the public interest if "the necessity and financial burden of private enforcement, or of

26   enforcement by one public entity against another public entity, are such as to make the award

27   appropriate."  Cal. Code Civ. P. § 1021.5.

28   The California Supreme Court has stated that an award of attorneys' fees pursuant to section

UNITED STATES DISTRICT COURT
For the Northern District of California

1    1021.5 "is appropriate when the cost of the claimant's legal victory transcends his personal interest,

2    that is, when the necessity for pursuing the lawsuit placed a burden on the plaintiff out of proportion

3    to his individual stake in the matter." *In re Conservatorship of Whitley*, 50 Cal.4th 1206, 1215

4    (2010) (quotation marks and citations omitted).  To make this assessment, the trial court must

5    estimate the monetary value of the benefits obtained by the successful litigants discounted by an

6    estimate of the probability of success at the time the vital litigation decisions were made and

7    compare this figure to the necessary costs of the litigation.  *Id.* at 1216.  An award of attorneys' fees

8    is not appropriate where the "expected value of the litigant's own monetary award exceeds by a

9    substantial margin the actual litigation costs."  *Id.* (quotation marks and citations omitted).

10       Here, Plaintiffs claim that they have received no pecuniary benefit from the outcome of the

11   litigation.  Reply, ECF No. 207 at 4.  Plaintiffs, however, provide no explanations or affidavits to

12   support this statement.

13       Defendant claims that Plaintiffs' pleadings, a demand letter sent by Plaintiffs, and Herson's

14   deposition testimony establish the minimum value of a favorable outcome at $20,000 per sign per

15   month.  Opposition, ECF No. 201 at 7-8; Exh. 2, Zinn Decl., ECF No. 202-2 at 1; Exh. 3, Zinn

16   Decl., ECF No. 202-3 at 3 (Herson's deposition testimony that he is estimated that damages, at a

17   minimum, to be $10,000 per month per side of each sign); Third Amended Complaint, ECF No. 63

18   at 5, ¶ 23 (estimating lost profits at $30,000 per sign per month).

19       But it is unclear whether the outcome conveys this total benefit to Plaintiffs.  Neither party

20   explained whether the changes to the ordinance make Plaintiffs' signs permissible under the new

21   ordinance.  Given that Plaintiffs' signs were originally denied based on content-neutral size

22   regulations, *see* Order, ECF No. 190 at 4-5, it is possible that Plaintiffs' signs are still noncompliant

23   and, thus, no pecuniary benefit to Plaintiff would attend Defendant's change in behavior.  This

24   distinguishes the facts here from *Covenant Media of California, L.L.C. v. City of Huntington Park*,

25   434 F. Supp. 2d 785 (C.D. Cal. 2006), which was cited by Defendant.

26       Nevertheless, the burden is on Plaintiffs to demonstrate that the necessity and financial burden of

27   private enforcement make an award appropriate.  Plaintiffs' single, unsubstantiated statement in its

28   reply brief does not meet that burden.

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

**C. <u>Whether Plaintiffs Established that its Requested Fees Are Reasonable</u>**

A party may only recover *reasonable* fees pursuant to section 1021.5.  *See Cal. Lab. Fed'n v. Occupational Safety & Health Stds. Bd.*, 5 Cal.App.4th 985, 994 (Ct. Cal. App. 1992) ("[S]ection 1021.5 contains an implicit 'cap' of its own, i.e., a party may only recover a 'reasonable' fee, and no more.").  "The burden is on the party seeking attorney fees to prove that the fees it seeks are reasonable." *Ctr. for Biological Diversity v. Cnty. of San Bernardino*, 188 Cal. App. 4th 603, 615 (Ct. Cal. App. 2010).

The fee-setting inquiry in California begins with the lodestar, which represents the number of hours reasonably expended multiplied by the reasonable hourly rate.  *Chavez v. City of Los Angeles*, 47 Cal.4th 970, 985 (2010).  The lodestar is considered the basic fee for comparable services in the legal community and it may be adjusted by the court based on several factors.  *Ketchum v. Moses*, 24 Cal.4th 1122, 1132 (2001) (citing *Serrano v. Priest*, 20 Cal. 3d 25, 49 (1977)).  The California Supreme Court has explained that "[t]he purpose of such adjustment is to fix a fee at the fair market value for the particular action.  In effect, the court determines, retrospectively, whether the litigation involved a contingent risk or required extraordinary legal skill justifying augmentation of the unadorned lodestar in order to approximate the fair market value for such services." *Id.*  (citing *Serrano*, 20 Cal. 3d at 49).

Here, Plaintiffs' counsel submitted a declaration that states an hourly rate of $300.  Furman Decl., ECF No. 195 at 2.  But Plaintiffs do not submit any evidence that this hourly rate is reasonable.  Furthermore, Plaintiffs do not detail any of the hours expended, other than a description of the time spent on the instant motion.  As to these deficiencies, Plaintiffs contend that they could provide further briefing or evidence.  Reply, ECF No. 207 at 5.  Plaintiffs also claim that Defendant did not dispute that Plaintiffs incurred the claimed fees.  *Id.*

Given the court's recommendation that Plaintiffs' motion be denied, the court does not require additional briefing or evidence.  But the court observes that Plaintiffs' arguments illustrates their cavalier attitude towards procedural requirements.  And the declarations of Herson and Furman simply do not provide sufficient information for a court to determine that the requested fees are reasonable.  Accordingly, in this case, the court finds that Plaintiffs failed to establish the

UNITED STATES DISTRICT COURT
For the Northern District of California

1  reasonableness of the requested fees.  *See Martino v. Denevi*, 182 Cal.App.3d 553, 559 (Cal. Ct.

2  App. 1986) ("[I]n the absence of such crucial information as the number of hours worked, billing

3  rates, types of issues dealt with and appearances made on the client's behalf, the trial court is placed

4  in the position of simply guessing at the actual value of the attorney's services. That practice is

5  unacceptable and cannot be the basis for an award of fees.").

6      Additionally, Plaintiffs offer no explanation for their failure to comport with this district's local

7  rules regarding the procedures for bringing a motion for attorneys' fees.  This district's local rules

8  require a fee applicant to (1) attempt to meet and confer with opposing counsel to resolve any

9  disputes prior to filing such a motion, (2) provide a statement setting forth a summary of the time

10  spent by each person, and a statement describing the manner in which time records were maintained,

11  and; (3) a brief description of relevant qualifications and experience and the customary hourly

12  charges of each person.  N.D. Cal. Civ. L.R. 54-5.  Again, Plaintiffs provided none of this

13  information and did not offer any explanations for their failure to do so.  A court may impose

14  sanctions for a failure to comply with the local rules.  *See* N.D. Cal. Civ. L.R. 1-4.  In this case, even

15  if there were not other issues that warrant a denial on the merits, this court would recommend

16  denying Plaintiffs' motion without prejudice based on their failure to comply with the local rules.

17  **D.  Whether Plaintiffs Are Entitled to Fees for Services Rendered After Defendant's Rule 68**

18  **Settlement Offer**

19      If the district court determines that Plaintiffs are entitled to fees, the undersigned recommends

20  that Plaintiffs be awarded fees for services rendered prior to Defendant's Rule 68 settlement offer

21  and only after Plaintiffs submit sufficient supporting documentation to establish the reasonableness

22  of the hours expended and requested hourly rates.

23      On July 8, 2009, Defendant served a Rule 68 Offer of Judgment on Plaintiffs, proposing a

24  settlement payment of $5,000 plus reasonable fees and costs incurred to the date of the offer.  Zinn

25  Decl., ECF No. 202 at 2, ¶ 2; Exh. 1, 202-1 at 2.  Plaintiffs never responded to the offer, implicitly

26  rejecting it.  Zinn Decl., ECF No. 202 at 2, ¶ 3.

27      Defendant argues that Plaintiffs may not obtain attorneys' fees for work performed after the date

28  of the offer because they did not obtain relief greater than that proposed in the offer.  Opposition,

UNITED STATES DISTRICT COURT
For the Northern District of California

1  ECF No. 201 at 10.  Plaintiffs did not respond to this argument.

2      Rule 68(d) of the Federal Rules of Civil Procedure states, "If the judgment that the offeree

3  finally obtains is not more favorable than the unaccepted offer, the offeree must pay the

4  costs incurred after the offer was made."  Fed. R. Civ. P. 68(d).  This rule applies to fees that are

5  recoverable pursuant to state statute.  *Marek v. Chesny*, 473 U.S. 1, 9 (1985); *Champion Produce,*

6  *Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1028 (9th Cir. 2003).

7      Because Plaintiffs did not submit hourly records with their request, the court can determine only

8  that they allegedly incurred $31,000 as of August 24, 2009.  Herson Decl., ECF No. 194 at 2.  Thus,

9  Plaintiffs would be entitled to no more than $31,000 if the court concluded that they were entitled to

10  fees.

11                          **V. CONCLUSION**

12      For the foregoing reasons, the court **RECOMMENDS** that the district court **DENY** Plaintiffs'

13  motion for an award of attorneys' fees.  If the district court determines that Plaintiffs are entitled to

14  an award of attorneys' fees, the undersigned recommends that (1) the Plaintiffs be ordered to provide

15  substantiating documentation regarding the requested hours and rates and (2) Plaintiffs' recovery be

16  limited to costs incurred prior to Defendant's Rule 68 offer.

17      Any party may file objections to this Report and Recommendation with the district judge within

18  14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Civil L.R.

19  72-3.  Failure to file an objection may waive the right to review of the issue in district court.

20  **IT IS SO RECOMMENDED.**

21  Dated: March 9, 2012

22                          _____
                            LAUREL BEELER
23                          United States Magistrate Judge